OPINION JUDGMENT ENTRY
{¶ 1} On October 1, 2003, the Ashland County Grand Jury indicted appellant, Mark Carsey, on one count of breaking and entering in violation of R.C. 2911.13, two counts of theft in violation of R.C. 2913.02 and one count of possession of criminal tools in violation of R.C. 2923.24. Said charges arose from the breaking and entering of the Tractor Supply Company and the subsequent theft of lawn tractors.
 {¶ 2} On November 17, 2003, appellant pled guilty to the breaking and entering count and one of the theft counts. The remaining counts were dismissed. By judgment entry filed December 23, 2003, the trial court sentenced appellant to two twelve month terms, to be served consecutively.
 {¶ 3} Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:
 I {¶ 4} "The trial court erred to the prejudice of appellant by accepting guilty pleas not made in accordance with criminal Rule 11(c)."
 II {¶ 5} "The trial court erred in finding that defendant's conduct was more serious than conduct normally constituting the offense."
 III {¶ 6} "The trial court erred in finding in favor of imprisonment."
 IV {¶ 7} "The trial court erred by not offering specific reasons in finding appellant was not amendable to community control."
 V {¶ 8} "The trial court erred in sentencing appellant to maximum consecutive sentences."
 I {¶ 9} Appellant claims the trial court failed to engage in a meaningful colloquy with him when accepting his plea of guilty and thus violated the mandates of Crim.R. 11(C). We disagree.
 {¶ 10} Crim.R. 11 governs pleas. Subsection (C) states as follows in pertinent part:
 {¶ 11} "2) In felony cases the court may refuse to accept a plea of guilty or a plea of no contest, and shall not accept a plea of guilty or no contest without first addressing the defendant personally and doing all of the following:
 {¶ 12} "(a) Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and, if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing.
 {¶ 13} "(b) Informing the defendant of and determining that the defendant understands the effect of the plea of guilty or no contest, and that the court, upon acceptance of the plea, may proceed with judgment and sentence.
 {¶ 14} "(c) Informing the defendant and determining that the defendant understands that by the plea the defendant is waiving the rights to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself."
 {¶ 15} From our review of the record, the trial court fulfilled the requirements of Crim.R. 11(C) as demonstrated by the dialogue between the trial court and appellant during the change of plea hearing. November 17, 2003 T. at 2-7. The trial court clearly reviewed appellant's constitutional rights with him and had appellant sign a written waiver of those rights. Id. at 5-8. The trial court specifically found appellant had been advised of his constitutional rights and "[h]as made a knowing, intelligent, and voluntary waiver of those here today. And that defendant's guilty pleas have been made knowingly, voluntarily, with an understanding of the charges, the maximum penalties, and the legal effect of the guilty pleas." Id. at 9.
 {¶ 16} We conclude the mandates of Crim.R. 11(C) were met.
 {¶ 17} Assignment of Error I is denied.
 II, III, IV, V {¶ 18} In these assignments, appellant challenges the sentence imposed by the trial court.
 {¶ 19} Although not specifically argued by appellant, the state concedes in its brief at 9 that the trial court failed to make the requisite findings under State v. Comer,99 Ohio St.3d 463, 2003-Ohio-4165, syllabus:
 {¶ 20} "1. Pursuant to R.C. 2929.14(E)(4) and2929.19(B)(2)(c), when imposing consecutive sentences, a trial court is required to make its statutorily enumerated findings and give reasons supporting those findings at the sentencing hearing.
 {¶ 21} "2. Pursuant to R.C. 2929.14(B), when imposing a nonminimum sentence on a first offender, a trial court is required to make its statutorily sanctioned findings at the sentencing hearing."
 {¶ 22} Therefore, these assignments are granted for the limited purpose of re-sentencing pursuant to Comer.
 {¶ 23} The judgment of the Court of Common Pleas of Ashland County, Ohio is hereby affirmed in part, the sentence is vacated and the matter is remanded for re-sentencing.
Gwin, P.J., and Hoffman, J. concur.
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Ashland County, Ohio is affirmed in part, the sentence is vacated and the matter is remanded to said court for re-sentencing pursuant to State v.Comer, 99 Ohio St.3d 463, 2003-Ohio-4165. Costs to appellee.