OPINION
{¶ 1} Appellant Mark Carsey appeals the sentence imposed by the Ashland County Court of Common Pleas on the basis that the resentencing proceeding occurred outside of his presence. The following facts give rise to this appeal.
 {¶ 2} On September 15, 2003, appellant was charged with one count of breaking and entering and one count of theft. Appellant plead guilty as charged. By judgment entry filed on December 23, 2003, the trial court sentenced appellant to two twelve month-terms, to be served consecutively. Appellant filed an appeal and this court reversed for resentencing pursuant to State v. Comer, 99 Ohio St.3d 463, 2003-Ohio-4165. See State v. Carsey, Ashland App. No. 04COA004, 2004-Ohio-3224.
 {¶ 3} Upon remand, the trial court reimposed the same sentence without conducting a hearing. See Judgment Entry, Aug. 11, 2004. Appellant appeals from this judgment entry and sets forth the following sole assignment of error for our consideration:
 {¶ 4} "I. The trial court erred by holding a resentencing proceeding outside of appellant's presence."
 I {¶ 5} Appellant maintains the trial court erred when it resentenced him in absentia. We agree.
 {¶ 6} Upon remand by this court for resentencing, the trial court resentenced appellant without his presence. Crim.R. 43(A) and Section10, Article I of the Ohio Constitution mandate a defendant's presence at every stage of the criminal proceedings, including imposition of sentence.
 {¶ 7} In State v. Wallace, Richland App. No. 2002CA0072, 2003-Ohio-4119, at ¶ 14, we set forth the law regarding this issue as follows:
 {¶ 8} "A defendant has a fundamental right to be present at all critical stages of his criminal trial. State v. Hill, 73 Ohio St.3d 433,444, 1995-Ohio-287, 653 N.E.2d 271, citing, Crim.R. 43(A) and Section10, Article I, Ohio Constitution. The United States Supreme Court has stated that an accused is guaranteed the right to be present at all stages of a criminal proceeding that is critical to its outcome when his or her absence may frustrate the fairness of the proceedings. Kentuckyv. Stincer (1987), 482 U.S. 730, 745, 107 S.Ct. 2658. This right is embodied in Crim.R. 43(A). Criminal Rule 43(A) provides that, `the defendant shall be present at the arraignment and every stage of the trial, including the impaneling of the jury, the return of the verdict, and the imposition of sentence, * * *.'"
 {¶ 9} We note the state concurs with appellant's argument. See Appellee's Brief at 5.
 {¶ 10} Accordingly, we find the trial court erred in resentencing appellant in absentia.
 {¶ 11} Appellant's sole assignment of error is sustained.
 {¶ 12} For the foregoing reasons, the judgment of the Court of Common Pleas, Ashland County, Ohio, is hereby reversed and remanded to said court for resentencing.
Wise, J., Farmer, P.J., and Edwards, J., concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Ashland County, Ohio, is reversed and remanded for further proceedings consistent with this opinion.
Costs assessed to Appellee.