OPINION
{¶ 1} On July 31, 2002, the Ashland County Grand Jury indicted appellant, Stephen Caudill, II, on two counts of felonious assault in violation of R.C. 2903.11 and one count of tampering with evidence in violation of R.C. 2921.12. A jury trial commenced on March 13, 2003. The jury found appellant guilty as charged. By judgment entry filed May 23, 2003, the trial court merged the felonious assault counts and sentenced appellant to seven years on those counts and four years on the tampering count, to be served consecutively for a total aggregate term of eleven years in prison.
 {¶ 2} Appellant filed an appeal and this court reversed for resentencing pursuant to State v. Comer, 99 Ohio St.3d 463, 2003-Ohio-4165. See, State v. Caudill, Ashland App. No. 03COA031, 2004-Ohio-2803. Upon remand, the trial court reimposed the same sentence without hearing. See, Judgment Entry filed August 11, 2004.
 {¶ 3} Appellant filed an appeal and this matter is now before this court for consideration. Assignment of error is as follows:
 I {¶ 4} "The trial court erred by holding a resentencing proceeding outside of appellant's presence."
 I {¶ 5} Appellant claims the trial court erred in resentencing him in absentia. We agree.
 {¶ 6} Upon remand by this court for resentencing, the trial court resentenced appellant without his presence. Crim.R. 43(A) and Section10, Article I of the Ohio Constitution mandate a defendant's presence at every stage of the criminal proceedings, including imposition of sentence.
 {¶ 7} In State v. Wallace, Richland App. No. 2002CA0072, 2003-Ohio-4119, ¶ 14, this court set forth the law regarding this issue as follows:
 {¶ 8} "A defendant has a fundamental right to be present at all critical stages of his criminal trial. State v. Hill, 73 Ohio St.3d 433,444, 1995-Ohio-287, 653 N.E.2d 271, citing, Crim.R. 43(A) and Section10, Article I, Ohio Constitution. The United States Supreme Court has stated that an accused is guaranteed the right to be present at all stages of a criminal proceeding that is critical to its outcome when his or her absence may frustrate the fairness of the proceedings. Kentuckyv. Stincer (1987), 482 U.S. 730, 745, 107 S. Ct. 2658. This right is embodied in Crim.R. 43(A). Criminal Rule 43(A) provides that, `the defendant shall be present at the arraignment and every stage of the trial, including the impaneling of the jury, the return of the verdict, and the imposition of sentence, * * *.'"
 {¶ 9} We note the state concurs with appellant's argument. See, Appellee's Brief at 5.
 {¶ 10} Upon review, we find the trial court erred in resentencing appellant in absentia.
 {¶ 11} The sole assignment of error is granted.
 {¶ 12} The judgment of the Court of Common Pleas of Ashland County, Ohio is hereby reversed and the matter is remanded to said court for resentencing.
Farmer, P.J., Wise, J. and Edwards, J. concur.
 JUDGMENT ENTRY
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Ashland County, Ohio is reversed and the matter is remanded to said court for further proceedings consistent with the opinion.