OPINION
{¶ 1} On April 26, 2003, the Ashland County Grand Jury indicted appellant April L. Carr, aka, Ronda Elliott, on three counts of forgery, felonies of the fifth degree in violation of R.C. 2913.31 (A)(3). On December 19, 2003, appellant pled guilty to two counts of forgery. Count three was dismissed. The court deferred sentencing and ordered a pre-sentence investigation report. The court conducted the sentencing hearing on January 21, 2004. By judgment entry filed January 22, 2004, the court sentenced appellant to eight months on each count to be served concurrently, but consecutively to an eleven month sentence the appellant was serving out of Shelby County.
 {¶ 2} Appellant filed an appeal and this court reversed for resentencing pursuant to State v. Comer, 99 Ohio St.3d 463, 2003-Ohio-4165. See, State v. Carr, Ashland App. No. 04COA009, 2004-Ohio-4638. Upon remand, the trial court reimposed the same sentence without hearing. See, Judgment Entry filed February 1, 2005.
 {¶ 3} Appellant filed an appeal and this matter is now before this court for consideration. Assignment of error is as follows:
 {¶ 4} "The trial court erred by holding a resentencing proceeding outside of appellant's presence."
 {¶ 5} Appellant claims the trial court erred in re-sentencing her in absentia. We agree.
 {¶ 6} Upon remand by this court for re-sentencing, the trial court re-sentenced appellant without her presence. Crim. R. 43(A) and Section10, Article I of the Ohio Constitution mandate a defendant's presence at every stage of the criminal proceedings, including imposition of sentence.
 {¶ 7} In State v. Wallace, Richland App. No. 2002CA0072, 2003-Ohio-4119, ¶ 14, this court set forth the law regarding this issue as follows:
 {¶ 8} "A defendant has a fundamental right to be present at all critical stages of his criminal trial. State v. Hill, 73 Ohio St.3d 433,444, 1995-Ohio-287, 653 N.E.2d 271, citing, Crim.R. 43(A) and Section10, Article I, Ohio Constitution. The United States Supreme Court has stated that an accused is guaranteed the right to be present at all stages of a criminal proceeding that is critical to its outcome when his or her absence may frustrate the fairness of the proceedings. Kentuckyv. Stincer (1987), 482 U.S. 730, 745, 107 S. Ct. 2658. This right is embodied in Crim. R. 43(A). Criminal Rule 43(A) provides that, `the defendant shall be present at the arraignment and every stage of the trial, including the impaneling of the jury, the return of the verdict, and the imposition of sentence, * * *.'"
 {¶ 9} We note the state concurs with appellant's argument. See, Appellee's Brief at 5.
 {¶ 10} Upon review, we find the trial court erred in re-sentencing appellant in absentia. See, also, State v. Caudill, Ashland App. No. 04COA68, 2005-Ohio-970; State v. Carsey, Ashland App. No. 04COA58, 2005-Ohio-973; State v. Salyers, Ashland App. No. 04COA60, 2005-Ohio-972.
 {¶ 11} The sole assignment of error is granted.
 {¶ 12} The judgment of the Court of Common Pleas of Ashland County, Ohio is hereby reversed and the matter is remanded to said court for re-sentencing.
Gwin, J., Boggins, P.J., and Wise, J., concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Ashland County, Ohio is hereby reversed and remanded. Costs to appellee.