OPINION
{¶ 1} Defendant-appellant Robert A. Ballou appeals his re-sentencing which occurred without a hearing in the Ashland County Court of Common Pleas on February 1, 2005.
{¶ 2} Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND CASE
{¶ 3} Appellant pled guilty to three counts of sexual battery, felonies of the third degree.
{¶ 4} On January 20, 2003, the trial court held a sentencing hearing. At said hearing, the trial court heard from Appellant's trial counsel, Appellant, the State of Ohio and had before it a summarized pre-sentence investigative report.
{¶ 5} The trial court sentenced appellant to three consecutive four year prison terms. The trial court stated at the hearing that under R.C.2929.14(E) that consecutive sentences were appropriate but failed to find that the consecutive sentences were not disproportionate to the seriousness of the offender's conduct and to the danger the offender posed to the public. (T. at 11-12).
{¶ 6} The trial court memorialized its sentence via Judgment Entry-Sentencing on January 22, 2004.
{¶ 7} Appellant appealed his sentence and on April 25, 2004, this Court reversed for re-sentencing pursuant to State v. Comer,99 Ohio St.3d 463, 2003-Ohio-4165. See State v. Ballou, Ashland App. No. 04-COA-010.
{¶ 8} Upon remand, the trial court re-imposed the same sentence without a hearing. Se Judgment Entry filed February 1, 2005.
{¶ 9} It is from that entry appellant prosecutes his appeal, assigning as error:
 ASSIGNMENT OF ERROR
{¶ 10} "The trial court erred by holding a resentencing proceeding outside of appellant's presence."
 I. 
{¶ 11} Appellant claims the trial court erred in re-sentencing him in absentia. We agree.
{¶ 12} Upon remand by this court for re-sentencing, the trial court re-sentenced appellant without him being present. Crim. R. 43(A) and Section 10, Article I of the Ohio Constitution mandate a defendant's presence at every stage of the criminal proceedings, including imposition of sentence.
{¶ 13} In State v. Wallace, Richland App. No. 2002CA0072, 2003-Ohio-4119, ¶ 14, this court set forth the law regarding this issue as follows:
{¶ 14} "A defendant has a fundamental right to be present at all critical stages of his criminal trial. State v. Hill, 73 Ohio St.3d 433,444, 1995-Ohio-287, 653 N.E.2d 271, citing, Crim.R. 43(A) and Section10, Article I, Ohio Constitution. The United States Supreme Court has stated that an accused is guaranteed the right to be present at all stages of a criminal proceeding that is critical to its outcome when his or her absence may frustrate the fairness of the proceedings. Kentuckyv. Stincer (1987), 482 U.S. 730, 745, 107 S. Ct. 2658. This right is embodied in Crim. R. 43(A). Criminal Rule 43(A) provides that, `the defendant shall be present at the arraignment and every stage of the trial, including the impaneling of the jury, the return of the verdict, and the imposition of sentence, * * *.'"
{¶ 15} We note the State concurs with appellant's argument. See, Appellee's Brief at 5.
{¶ 16} Upon review, we find the trial court erred in re-sentencing appellant in absentia. See, also, State v. Caudill, Ashland App. No. 04COA68, 2005-Ohio-970; State v. Carsey, Ashland App. No. 04COA58, 2005-Ohio-973; State v. Salyers, Ashland App. No. 04COA60, 2005-Ohio-972.
{¶ 17} The sole assignment of error is granted.
{¶ 18} The judgment of the Court of Common Pleas of Ashland County, Ohio is hereby reversed and the matter is remanded to said court for re-sentencing.
Boggins, P.J. Gwin, J., and Wise, J., concur.
 JUDGMENT ENTRY
For the reason stated in our accompanying Memorandum-Opinion, the judgment of the Ashland County Court of Common Pleas is reversed and the matter remanded to that court for re-sentencing. Costs assessed to appellee.