The STATE of Ohio, Appellee,

v.

WAFFLE, Appellant.

[Cite as *State v. Waffle*, 163 Ohio App.3d 645, 2005-Ohio-5378.]

Court of Appeals of Ohio,
Fifth District, Ashland County.

No. 2005–COA–010.

Decided Oct. 4, 2005.

Ramona Francesconi Rogers, Ashland County Prosecuting Attorney, for appellee.

Douglas A. Milhoan, for appellant.

GWIN, Judge.

{¶ 1} Defendant, Alexander M. Waffle, appealed a judgment of the Court of Common Pleas of Ashland County, Ohio, which convicted and sentenced him to 12 months' incarceration for attempted grand theft of a motor vehicle and eight years for robbery, after appellant pleaded guilty. The court ordered the two sentences to be served consecutively. On November 30, 2004, this court reversed for resentencing pursuant to *State v. Comer,* 99 Ohio St.3d 463, 2003-Ohio-4165, 793 N.E.2d 473. See *State v. Waffle,* Ashland App. No. 04–COA–019, 2004-Ohio-6383, 2004 WL 2726082. Upon remand, the trial court reimposed the same sentence without hearing.

{¶ 2} Appellant filed an appeal, raising as his sole assignment of error:

{¶ 3} "The trial court erred by holding a re-sentencing proceeding outside of appellant's presence."

{¶ 4} Appellant claims that he trial court erred in resentencing him in absentia. We agree.

{¶ 5} Upon remand by this court for resentencing, the trial court resentenced appellant without his presence. Crim.R. 43(A) and Section 10, Article I of the Ohio Constitution mandate a defendant's presence at every stage of the criminal proceedings, including imposition of sentence.

{¶ 6} In *State v. Wallace,* Richland App. No. 2002CA0072, 2003-Ohio-4119, 2003 WL 21787573, ¶ 14, this court set forth the law regarding this issue as follows:

{¶ 7} "A defendant has a fundamental right to be present at all critical stages of his criminal trial. *State v. Hill,* 73 Ohio St.3d 433, 444, 653 N.E.2d 271, citing, Crim.R. 43(A) and Section 10, Article I, Ohio Constitution. The United States Supreme Court has stated that an accused is guaranteed the right to be present at all stages of a criminal proceeding that is critical to its outcome when his or her absence may frustrate the fairness of the proceedings. *Kentucky v. Stincer* (1987), 482 U.S. 730, 745, 107 S.Ct. 2658, 96 L.Ed.2d 631. This right is embodied in Crim.R. 43(A). Criminal Rule 43(A) provides that 'the defendant shall be present at the arraignment and every stage of the trial, including the impaneling of the jury, the return of the verdict, and the imposition of sentence * * *.' "

{¶ 8} We note that the state concurs with appellant's argument.

{¶ 9} Upon review, we find that the trial court erred in resentencing appellant in absentia. See, also, *State v. Caudill,* Ashland App. No. 04COA58, 2005-Ohio-970, 2005 WL 519011; *State v. Carsey,* Ashland App. No. 04COA62, 2005-Ohio-973, 2005 WL 519009; *State v. Salyers,* Ashland App. No. 04COA60, 2005-Ohio-972, 2005 WL 519015.

{¶ 10} The sole assignment of error is sustained.

{¶ 11} For the foregoing reasons, the judgment of the Ashland County Court of Common Pleas, Ohio, is reversed.

                                                          Judgment reversed.

BOGGINS, P.J., and WISE, J., concur.