OPINION
{¶ 1} Appellant Kevin Fields appeals his February 1, 2005, re-sentencing entered by the Ashland County Court of Common Pleas on one count of abduction.
 STATEMENT OF THE CASE {¶ 2} On January 30, 2004, Appellant entered a plea of guilty to one count of felony abduction, a third degree felony.
 {¶ 3} The trial court ordered a pre-sentence investigation.
 {¶ 4} On March 8, 2004, the trial court held a sentencing hearing and sentenced appellant to three years in prison. The trial court furthered ordered Appellant to pay restitution in the amount of $15,000.00. Appellant filed an appeal and this Court reversed the trial court finding that it failed to comply with State v. Fahringer, Fifth Dist. App. No. 03-COA-034, and remanded the matter back to the trial court. See Statev. Fields, Ashland County App. No. 04-COA-018.
 {¶ 5} On February 1, 2005, the trial court re-sentenced Appellant, imposing the same sentence, without a hearing and without Appellant being present.
 {¶ 6} Appellant now appeals, assigning the following sole error for review:
 ASSIGNMENT OF ERROR {¶ 7} "I. THE TRIAL COURT ERRED BY HOLDING A RESENTENCING PROCEEDING OUTSIDE OF APPELLANT'S PRESENCE."
 I. {¶ 8} Appellant claims the trial court erred in re-sentencing him in absentia. We agree.
 {¶ 9} Upon remand by this court for re-sentencing, the trial court re-sentenced appellant without him being present. Crim. R. 43(A) and Section 10, Article I of the Ohio Constitution mandate a defendant's presence at every stage of the criminal proceedings, including imposition of sentence.
 {¶ 10} In State v. Wallace, Richland App. No. 2002CA0072, 2003-Ohio-4119, ¶ 14, this Court set forth the law regarding this issue as follows:
 {¶ 11} "A defendant has a fundamental right to be present at all critical stages of his criminal trial. State v. Hill, 73 Ohio St.3d 433,444, 1995-Ohio-287, 653 N.E.2d 271, citing, Crim.R. 43(A) and Section 10, Article I, Ohio Constitution. The United States Supreme Court has stated that an accused is guaranteed the right to be present at all stages of a criminal proceeding that is critical to its outcome when his or her absence may frustrate the fairness of the proceedings. Kentucky v.Stincer (1987), 482 U.S. 730, 745, 107 S.Ct. 2658. This right is embodied in Crim. R. 43(A). Criminal Rule 43(A) provides that, `the defendant shall be present at the arraignment and every stage of the trial, including the impaneling of the jury, the return of the verdict, and the imposition of sentence, * * *."'
 {¶ 12} We note the State concurs with appellant's argument. See, Appellee's Brief at 5.
 {¶ 13} Upon review, we find the trial court erred in re-sentencing appellant in absentia. See, also, State v. Caudill, Ashland App. No. 04COA68, 2005-Ohio-970; State v. Carsey, Ashland App. No. 04COA58, 2005-Ohio-973; State v. Salyers, Ashland App. No. 04COA60, 2005-Ohio-972,State v. Ballou, Ashland App. 05-COA-008, 2005-Ohio-____.
 {¶ 14} Appellant's sole assignment of error is sustained.
 {¶ 15} For the foregoing reasons, the judgment of the Court of Common Pleas of Ashland County, Ohio, is hereby reversed. The sentence is vacated and this matter is remanded to the trial court for re-sentencing in accord with the law and consistent with this opinion.
 {¶ 16} Appellant's sole assignment of error is sustained.
 {¶ 17} For the foregoing reasons, the judgment of the Court of Common Pleas of Ashland County, Ohio, is hereby reversed. The sentence is vacated and this matter is remanded to the trial court for re-sentencing in accord with the law and consistent with this opinion.
By Boggins, P.J., Gwin, J., and Wise, J., concurs.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Ashland County, Ohio is hereby reversed and remanded. Costs to Appellee.