JOURNAL ENTRY AND OPINION
{¶ 1} Defendant William Howard (appellant) appeals his five-year prison sentence, alleging that his right to be present at the imposition of this sentence was violated. After reviewing the facts of the case and pertinent law, we affirm.
 I. {¶ 2} In 2004, appellant was found guilty of aggravated burglary, felonious assault and violating a temporary protection order, and the court sentenced him to five years in prison for burglary, five years for assault and six months for the protective order, all to run concurrently, for an aggregate sentence of five years. Appellant appealed his convictions, and on October 11, 2005, we reversed his burglary conviction as being based on insufficient evidence. State v.Howard, Cuyahoga App. No. 85500, 2005-Ohio-5135 (Howard 1). Specifically, we held the following: "The aggravated burglary conviction is reversed, the sentence as to that charge vacated, and the case remanded to the trial court to correct the conviction and sentencing journal entry to reflect the findings of this court."
 {¶ 3} Pursuant to this directive, a journal entry by the court dated November 16, 2005 states as follows:
 "Defendant waives presence. Defense attorney Joseph Buckley and prosecutor Brian Mooney present. Defendant is re-sentenced per court of appeals decision in (CA 04085500) which reversed defendant's conviction of aggravated burglary in count 1 and vacated the sentence in count 1. The court considers all required factors of the law. The court finds that prison is consistent with R.C. 2929.11. The court imposes a prison term at the Lorain Correctional Institution of 5 years in count 2. Post-release control is part of this sentence for the maximum period allowed. Defendant to receive jail time credit. 5 years post-release control. As to count 3: defendant is sentenced to Cuyahoga County Jail for a term of 6 months, county defendant to pay court costs."
 {¶ 4} It is from this journal entry that appellant appeals.
 II. {¶ 5} In his sole assignment of error, appellant argues that "the trial court erred by holding a resentencing proceeding outside of appellant's presence." Specifically, appellant argues that although the journal entry reflects that he waived his right to be present, "the trial court's file contains no waiver signed by appellant waiving his presence at his re-sentencing. Moreover, the record contains no evidence that the trial court advised appellant of his rights [sic] to be present at his sentencing or that appellant knowingly and voluntarily waived same."
 {¶ 6} Pursuant to Section 10, Article I, Ohio Constitution and Crim. R. 43(A), a criminal defendant has the right to be present at every stage of a legal proceeding against him, including the imposition of sentence. Even more pointedly, this right applies to resentencing hearings. See, State v. Waffle, 163 Ohio App.3d 645,2005-Ohio-5378.[1] In Waffle, the trial court held a resentencing hearing, previously mandated by the appellate court, from which the defendant was absent. The appellate court found this clearly violated Crim.R. 43.
 {¶ 7} In the instant case, however, we did not mandate a resentencing hearing, the trial court had no power to conduct one, and it did not, in fact, hold one. What the trial court did do was correct the sentencing journal entry, as consistent with our opinion in Howard 1, to reflect vacating a portion of appellant's sentence. Nothing new was imposed. In the journal entry, the court indicated that the defendant waived his presence, which may have been in error, seemingly because it never happened. However, his presence was not required. Furthermore, the journal entry stating that appellant was "re-sentenced" is a mischaracterization, as the court had no jurisdiction to resentence appellant. For these reasons, any error found in the new journal entry is harmless.
 {¶ 8} The reason we instructed the court to correct the journal entry, rather than hold a new sentencing hearing, is because no new sentence was being imposed. Appellant was originally sentenced to five years for burglary, five years for assault, and six months for violating a protection order, all to run concurrently. Vacating the burglary sentence leaves appellant, practically speaking, in the same situation as before — serving five years in prison. No "new" sentence was imposed; rather, part of his sentence was taken away, and appellant cites to no authority that affords him the right to be present for this. Compare,State v. Stevens (Aug. 2, 1995), Summit App. No. 16998 (holding that the defendant's Crim.R. 43(A) right to be present was not violated when the court corrected its journal entry via a nun pro tunc to accurately reflect the original sentence imposed because "the trial court did not vacate defendant's sentences and impose new ones").
 {¶ 9} Accordingly, we find no violation of his rights, and appellant's sole assignment of error is overruled.
Judgment affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate be sent to said court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
FRANK D. CELEBREZZE, JR., P.J., and JAMES J. SWEENEY, J., CONCUR
[1] In a string of cases from the 5th District Court of Appeals of Ohio, all originating from Ashland County, the holdings and basic fact patterns mirror Waffle. See, State v. Caudill, Ashland App. No. 04COA58, 2005-Ohio-970; State v. Carr, Ashland App. No. 05COA009,2005-Ohio-3466; State v. Cannon, Ashland App. No. 04COA72,2005-Ohio-974; State v. Carsey, Ashland App. No. 04COA62, 2005-Ohio-973;State v. Salyers, Ashland App. No. 04COA60, 2005-Ohio-972.