[Cite as *State v. McCullough*, 2022-Ohio-2178.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
HURON COUNTY

State of Ohio                                            Court of Appeals No.  H-21-008

    Appellee                                        Trial Court No.  CRI 2017 1116

v.

Trent W. McCullough                              **DECISION AND JUDGMENT**

    Appellant                                      Decided:  June 24, 2022

* * * * *

James J. Sitterly, Huron Count Prosecuting Attorney, for appellee.

Henry Schaefer, for appellant.

* * * * *

**ZMUDA, J.**

## I.Introduction

{¶ 1} Appellant, Trent McCullough, appeals the judgment of the Huron County

Court of Common Pleas, issuing an amended judgment entry on remand from this court,

and sentencing appellant to a total of 66 months in prison after a jury found him guilty of reckless homicide with a firearm specification and illegal cultivation of marijuana.

## A.    Facts and Procedural Background

{¶ 2} This is appellant's second appeal in this matter. In our September 30, 2020 decision in *State v. McCullough*, 6th Dist. Huron No. H-18-024, 2020-Ohio-4703, we noted that two indictments were filed in this case. The first indictment was filed on February 10, 2017, wherein appellant was charged with one count of reckless homicide in violation of R.C. 2903.04, a felony of the third degree, and one count of illegal cultivation of marijuana in violation of R.C. 2925.04(A) and (C)(5), a misdemeanor of the fourth degree. *Id.* at ¶ 3.

{¶ 3} Thereafter, on November 20, 2017, appellant was indicted a second time and charged with the same counts of reckless homicide and illegal cultivation of marijuana, as well as two counts of involuntary manslaughter in violation of R.C. 2903.04(B) and (C), felonies of the first degree, one count of violating a protection order in violation of R.C. 2919.27(A)(2) and (B)(4), a felony of the third degree, and one count of violating a protection order in violation of R.C. 2919.27(A)(2) and (B)(2), a felony of the third degree. *Id.* at ¶ 5. Firearm specifications under R.C. 2941.145(A) were also attached to the new counts and the count of reckless homicide. *Id.* After filing the second indictment, the state dismissed the first indictment.

2.

**{¶ 4}** Appellant was subsequently tried before a jury and found guilty of all charges and firearm specifications, except for one count of involuntary manslaughter on which he was acquitted. *Id.* at ¶ 11. The trial court ultimately sentenced appellant to a total prison term of 66 months and appellant filed a timely notice of appeal.

**{¶ 5}** On appeal, appellant argued, inter alia, that the trial court erred in denying his motion to dismiss based upon speedy trial violations. *Id.* at ¶ 12. We reviewed the pretrial procedural history of this case and agreed with appellant that his speedy trial rights were violated, in part. Specifically, we found that

> the two charges of violating [a] protection order, two charges of involuntary [manslaughter], and the firearm specifications took longer than 270 days to bring to trial. As such, appellant's second assignment of error is well taken in regards to the additional charges brought in the second indictment. Appellant's convictions as they relate to these additional charges are vacated and the matter must be remanded to the trial court for further sentencing.

*Id.* at ¶ 28.

**{¶ 6}** After we remanded this matter to the trial court, appellant filed a motion for resentencing on December 18, 2020. In his motion, appellant asked the trial court to resentence him "as soon as possible." Appellant did not explicitly request a hearing in his motion.

3.

**{¶ 7}** Meanwhile, the state had filed a delayed motion for reconsideration of our decision in *McCullough* as to the dismissal of the firearms specification attached to the charge of reckless homicide that was left undisturbed by our decision. On January 5, 2021, we granted the state's motion for reconsideration and noted that the original indictment (which was not previously provided to this court) did, in fact, contain the firearm specification. As such, we modified our decision in *McCullough*, thereby preserving appellant's conviction for the firearm specification attached to reckless homicide.

**{¶ 8}** Nine days after we granted appellant's motion for reconsideration, on January 14, 2021, the trial court issued a judgment entry in which it recited the procedural history of this case following our remand, and indicated:

> The Defendant had been transported to Huron County for purposes of the resentencing prior to the Court of Appeals final ruling on January 12, 2021. Given the Court of Appeals' decision, the Defendant's original sentence of thirty (30) months on the Reckless Homicide with the three year gun specification remains and the Defendant shall be returned to the Ohio Department of Corrections to serve the remainder of his sixty-six (66) month sentence.

**{¶ 9}** Thereafter, on June 4, 2021, appellant filed a pro se motion with the trial court, in which he asked the court to either resentence him or correct his sentence to

4.

reflect the fact that his involuntary manslaughter conviction was vacated in *McCullough*. According to appellant, the involuntary manslaughter conviction was "preventing [him] from entering into some programs offered by the ODRC." Thus, appellant requested "that [the] record be corrected to reflect the decision indicated herein."

{¶ 10} In response to appellant's motion, the trial court issued an amended judgment entry on June 30, 2021, in which it removed any reference to the involuntary manslaughter and violating protection order convictions that were vacated by our decision in *McCullough*, and retained the same 66-month sentence that it originally imposed for reckless homicide with a firearm specification and illegal cultivation of marijuana. On July 21, 2021, appellant filed his timely notice of appeal.

## B.    Assignments of Error

{¶ 11} On appeal, appellant assigns the following error for our review:

I. The trial court erred by failing to hold a resentencing hearing and by not allowing Mr. McCullough to be present and heard.

## II.    Analysis

{¶ 12} In his sole assignment of error, appellant argues that the trial court erred when it resentenced him without holding a hearing. More particularly, appellant contends that "this court's mandate in [his] first appeal had the effect of modifying the [R.C. 2929.12] factors in the original sentence" and thus he was entitled to a resentencing hearing under Crim.R. 43, at which he could "be present and make argument."

5.

**{¶ 13}** Crim.R. 43 provides, in relevant part:

(A) Defendant's Presence.

(1) Except as provided in Rule 10 of these rules and division (A)(2) of this rule, the defendant must be physically present at every stage of the criminal proceeding and trial, including the impaneling of the jury, the return of the verdict, and the imposition of sentence, except as otherwise provided by these rules.

**{¶ 14}** Under Section 10, Article I, of the Ohio Constitution and Crim. R. 43(A), a criminal defendant has the right to be present at every stage of a legal proceeding against him, including the imposition of sentence. *State v. Howard*, 8th Dist. Cuyahoga No. 87490, 2006-Ohio-6412, ¶ 6. "Even more pointedly, this right applies to resentencing hearings." *Id.*, citing *State v. Waffle*, 163 Ohio App.3d 645, 839 N.E.2d 971, 2005-Ohio-5378 (5th Dist.).

**{¶ 15}** In *Howard*, the Eighth District examined an argument similar to appellant's. There, the defendant was convicted of aggravated burglary, felonious assault, and violating a temporary protection order. *Id.* at ¶ 2. On direct appeal, the Eighth District reversed the defendant's burglary conviction for lack of sufficient evidence, vacated the sentence for that offense, and remanded the matter to the trial court "to correct the conviction and sentencing journal entry to reflect the findings of this court." *Id.*

6.

{¶ 16} On remand, the trial court held a hearing in the defendant's absence.  It then issued a journal entry stating that the defendant was "re-sentenced per court of appeals decision," and imposing the same sentences on the remaining counts that it had previously imposed.  *Id.* at ¶ 3.

{¶ 17} In his second appeal, the defendant in *Howard* argued that the trial court erred when it resentenced him in absentia.  *Id.* at ¶ 5.  The court of appeals disagreed, and stated:

> [W]e did not mandate a resentencing hearing, the trial court had no power to conduct one, and it did not, in fact, hold one.  What the trial court did do was correct the sentencing journal entry, as consistent with our opinion in *Howard 1*, to reflect vacating a portion of appellant's sentence.  Nothing new was imposed.  In the journal entry, the court indicated that the defendant waived his presence, which may have been in error, seemingly because it never happened.  However, his presence was not required.  Furthermore, the journal entry stating that appellant was "re-sentenced" is a mischaracterization, as the court had no jurisdiction to resentence appellant.  For these reasons, any error found in the new journal entry is harmless.
>
> The reason we instructed the court to correct the journal entry, rather than hold a new sentencing hearing, is because no new sentence was being imposed.  Appellant was originally sentenced to five years for burglary,

7.

five years for assault, and six months for violating a protection order, all to run concurrently. Vacating the burglary sentence leaves appellant, practically speaking, in the same situation as before-serving five years in prison. No "new" sentence was imposed; rather, part of his sentence was taken away, and appellant cites to no authority that affords him the right to be present for this.

*Id.* at ¶ 8.

{¶ 18} In their briefs to this court, the parties each cite to the Eighth District's decision in *Howard* to support their respective positions – appellant contends that *Howard* warrants reversal of the trial court's judgment and the state argues just the opposite. Upon our review of the Eight District's decision in *Howard*, we find that it stands for the proposition that a defendant need not be present when a trial court, on remand, modifies a sentencing entry to remove reference to a conviction that was overturned on appeal and retains the same sentence on the remaining convictions. In such cases, the trial court is not resentencing the defendant, and thus the presence requirement of Crim.R. 43 is not triggered. *See State v. Smith*, 4th Dist. Highland No. 16CA8, 2016-Ohio-5910, ¶ 9 (noting that there is no controlling authority in Ohio to support the argument that "vacating one or more, but not all convictions on appeal, requires a resentencing for the court to redetermine the sentence on the remaining counts).

8.

{¶ 19} Here, the trial court's June 30, 2021 amended judgment entry reflects the same sentence that was originally imposed by the trial court for reckless homicide with a firearm specification and illegal cultivation of marijuana. The only substantive change the trial court made to the original sentencing entry was the removal of any reference to the charges of involuntary manslaughter and violating a protection order that we vacated in *McCullough*. Thus, just as in *Howard*, no new sentence was imposed in this case. Consequently, appellant's presence was not required and the trial court did not violate Crim.R. 43. *See Smith* at ¶ 8 (defendant's presence is not required under Crim.R. 43 when the trial court merely notes the vacation of a conviction and does not change the sentence originally imposed).

{¶ 20} While we find that the trial court did not err in issuing its amended judgment entry, we further note that the invited error doctrine would preclude appellant's argument even if we concluded otherwise. Under the doctrine of invited error, "'[a] party will not be permitted to take advantage of an error which he himself invited or induced the trial court to make.'" *State v. McAlpin*, --- Ohio St.3d ----, 2022-Ohio-1567, --- N.E.3d ----, ¶ 220, quoting *Lester v. Leuck*, 142 Ohio St. 91, 50 N.E.2d 145 (1943), paragraph one of the syllabus.

{¶ 21} In the present case, the trial court issued its amended judgment entry at the request of appellant, who asked "that [the] record be corrected to reflect the decision indicated herein." Appellant now complains that the trial court obliged his own request

9.

by issuing its amended judgment entry. Since the alleged error about which appellant now complains was brought about at appellant's request, we deem it, at worst, invited error that we need not consider.

{¶ 22} In light of the foregoing, we find appellant's sole assignment of error not well-taken.

### III. Conclusion

{¶ 23} In light of the foregoing, we find that substantial justice has been done the party complaining, and the judgment of the Huron County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.

_____
JUDGE

Thomas J. Osowik, J.

Gene A. Zmuda, J.
CONCUR.

_____
JUDGE

_____
JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.

10.