OPINION
{¶ 1} Appellant Ralph Danison appeals the sentence rendered by the Ashland County Court of Common Pleas on the basis that the trial court did not consider his ability to pay a fine and restitution. The following facts give rise to this appeal.
 {¶ 2} On February 20, 2003, appellant pled guilty to one count of grand theft of a motor vehicle, a felony of the fourth degree. The trial court deferred sentencing and ordered a pre-sentence investigation. On March 31, 2003, the trial court conducted a sentencing hearing and sentenced appellant to community control sanctions, ordered restitution in the amount of $22,085 and imposed a fine of $1,000.
 {¶ 3} Appellant timely filed a notice of appeal and sets forth the following assignment of error for our consideration:
 {¶ 4} "I. The trial court erred by ordering restitution and a fine without considering the offender's ability to pay as required by R.C.2929.19(B)(6)."
 I {¶ 5} In his sole assignment of error, appellant maintains the trial court erred by ordering a fine and restitution without considering his ability to pay as required by R.C. 2929.19(B)(6). We agree as it pertains to the imposition of the fine.
 {¶ 6} R.C. 2929.18(A)(1) permits a trial court to impose a financial sanction and fine upon an offender who has committed a felony. However, before doing so, pursuant to R.C. 2929.19(B)(6), the trial court is required to consider the offender's present and future ability to pay the amount of sanction or fine. Further, under R.C. 2929.18(E), a trial court may hold a hearing, if necessary, to determine whether the offender is able to pay the sanction or is likely in the future to be able to pay it.
 {¶ 7} This court has previously determined that there is no mandatory language in the statute for the trial court to conduct a hearing. See State v. Berry, Coshocton App. No. 01-CA-26, 2003-Ohio-167, at ¶ 21; State v. Schnuck (Sept. 25, 2000), Tuscarawas App. No. 2000AP020016, at 1; State v. Johnston (July 26, 2000), Ashland App. No. 99COA01333, at 5. We will now consider the issue of the imposition of the fine and restitution which we will address separately.
 "A. Fine" {¶ 8} At the sentencing hearing, the trial court ordered appellant to pay a fine of $1,000. We have reviewed the sentencing transcript and find the trial court did not consider appellant's ability to pay the fine. The only factor concerning appellant's ability to pay is the trial court's statement, as it reviewed the pre-sentence investigation report, that appellant is employed at the family business, London Tiles. Tr. Sentencing Hrng., March 31, 2003, at 9.
 {¶ 9} We find the facts of this case analogous to our decision inState v. Riffle, Fairfield App. No. 01 CA 53, 2002-Ohio-4265, wherein we remanded the defendant's case for a new sentencing hearing because there was no evidence in the record concerning appellant's ability to pay a fine. Id. at ¶ 13, ¶ 17. The court, in Riffle distinguished its decision from a previous case from this court, State v. Plant (Mar. 24, 2000), Ashland App. No. 99-COA-01323, wherein we found the trial court did consider the defendant's ability to pay when it found that the defendant did not file an affidavit of indigency, had been continuously employed for sixteen years and intended to continue his employment. Id. at 5-6.
 {¶ 10} As noted above, the only evidence, in the record, that indicates appellant's ability to pay is a statement read by the trial court, from the pre-sentence investigation, that appellant is employed in the family business. Tr. Sentencing Hrng., Mar. 31, 2003, at 9. However, the record also contains evidence that indicates appellant may not be able to pay. This includes the fact that appellant was found to be indigent, by the trial court, and the trial court appointed counsel to represent him in this matter at the trial court and appellate level.
 {¶ 11} Therefore, as to the imposition of the fine, we remand this matter to the trial court for the court to conduct a new sentencing hearing in order to consider appellant's ability to pay the fine.
 "B. Restitution" {¶ 12} At the sentencing hearing, the trial court also ordered appellant to make restitution in the amount of $22,085. On the record, counsel for appellant objected to restitution because of appellant's inability to pay. Tr. Sentencing Hrng., Mar. 31, 2003, at 11-12. The trial court overruled appellant's objection. Id. at 12.
 {¶ 13} This court has previously determined that the imposition of a restitution order is not a final appealable order until a hearing is held to enforce payment. See Berry, supra, at ¶ 21 and Schnuck, supra, at 1. Accordingly, because the state has not attempted to enforce payment of the restitution order, we find this issue does not present a final appealable order for our review.
 {¶ 14} Appellant's sole assignment is sustained, in part, as it pertains to the imposition of the fine and overruled, in part, as it pertains to restitution.
 {¶ 15} For the foregoing reasons, the judgment of the Court of Common Pleas, Ashland County, Ohio, is hereby affirmed in part, reversed in part and remanded for proceedings consistent with this opinion.
By: Wise, P.J. and Boggins, J., concurs.