OPINION
{¶ 1} Appellant Kevin Fields appeals his sentence entered by the Ashland County Court of Common Pleas on one count of abduction.
 STATEMENT OF THE CASE {¶ 2} On January 30, 2004, Appellant entered a plea of guilty to one count of felony abduction, a third degree felony.
 {¶ 3} The trial court ordered a pre-sentence investigation.
 {¶ 4} On March 8, 2004, the trial court held a sentencing hearing and sentenced appellant to three years in prison. The trial court furthered ordered Appellant to pay restitution in the amount of $15,000.00.
 {¶ 5} Appellant filed an appeal and this matter is now before this court for consideration. Appellant's sole assignment of error is as follows;
 ASSIGNMENT OF ERROR {¶ 6} "I. The trial court erred by ordering restitution without considering the offender's ability to pay as required by r.c. 2929.19(B)(6)."
 I. {¶ 7} Appellant challenges the trial court's sentence as to the order of restitution.
 {¶ 8} In its brief at 6, Appellee concedes the sentence as it applies to the imposition of restitution does not meet the requirements of R.C. § 2929.19(B)(6).
 {¶ 9} In State v. Fahringer (March 8, 2004), Ashland County App. No. 03-COA-034, this Court held:
 {¶ 10} "R.C. § 2929.18 permits the trial court to impose financial sanctions on elony offenders. R.C. § 2929.18(A). Before it imposes a financial sanction, however, the trial court `shall consider the offender's present and future ability to pay the amount of the sanction or fine.' R.C. § 2929.19 (B)(6). There are no express factors that must be considered or specific findings that must be made. State v. Martin, 140 Ohio App.3d at 338,747 N.E.2d 318.The trial court is not required to hold a hearing in order to comply with R.C. § 2929.19(B)(6), although it may chose to do so pursuant to R.C. § 2929.18(E). All that R.C. § 2929.19
(B)(6) requires is that the trial court consider the offender's present and future ability to pay. Id. Even a finding that a defendant is indigent for the purpose of receiving appointed counsel does not prohibit the trial court from imposing a financial sanction. State v. Kelly (2001), 145 Ohio App.3d 277,283, 762 N.E.2d 479." State v. Sillett, 12th Dist. No. CA2000-10-205, 2002-Ohio-2596."
 {¶ 11} The trial court's judgment entry fails to indicate that it considered Appellant's ability to pay restitution. While, the trial court was not required to make any additional findings, it was at least required to make this initial consideration.
 {¶ 12} Appellant's sole assignment of error is sustained.
 {¶ 13} For the foregoing reasons, the judgment of the Court of Common Pleas of Ashland County, Ohio, is hereby reversed. The sentence is vacated and this matter is remanded to the trial court for re-sentencing in accord with the law and consistent with this opinion.
Boggins, J., Gwin, P.J., concur Hoffman, J., dissents