OPINION
{¶ 1} Defendant-appellant Ralph Danison appeals from the August 11, 2004, Judgment Entry of the Ashland County Court of Common Pleas. Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND CASE {¶ 2} On February 20, 2003, appellant pled guilty to one count of grand theft of a motor vehicle in violation of R.C.2913.02(A)(1), a felony of the fourth degree. The trial court deferred sentencing and ordered a pre-sentence investigation. Thereafter, as memorialized in a Judgment Entry filed on March 31, 2003, the trial court sentenced appellant to community control sanctions, ordered restitution in the amount of $22,085.00 and imposed a fine of $1,000.00.
 {¶ 3} Appellant then appealed, arguing that the trial court did not consider his ability to pay the fine and restitution. Pursuant to an Opinion filed on November 5, 2003, in State v.Danison, Ashland App. No. 03 COA 021, 2003-Ohio-5924, this Court remanded the matter for the trial court "to conduct a new sentencing hearing in order to consider appellant's ability to pay the [$1,000.00] fine." We further found, with respect to the matter of restitution, that "the imposition of a restitution order is not a final appealable order until a hearing is held to enforce payment." Id. at paragraph 13. Since the State had not yet attempted to enforce payment of the restitution order, we found that the issue of restitution "does not present a final appealable order for our review. Id.
 {¶ 4} On or about December 18, 2003, appellant filed a Notice of Appeal in the Ohio Supreme Court from this Court's decision in Case No. 03 COA 021. The Ohio Supreme Court allowed the appeal on March 24, 2004.
 {¶ 5} While the appeal before the Ohio Supreme Court was pending, the trial court, in a Judgment Entry filed on August 11, 2004, stated as follows:
 {¶ 6} "This matter is before this Court, upon remand of the sentence entered March 31, 2003 herein to reconsider the issue of the Defendant's ability to pay, both the fine and restitution ordered by this Court.
 {¶ 7} "The Court received a letter from the Defendant on April 3, 2003, which states, in pertinent part: . . . `I am writing this letter to ask for work release while in jail. I have a job at London Tiles Co., 65 Walnut St., New London, Ohio . . .'
 {¶ 8} "In addition, the Court notes that the Defendant was residing with his family, and, therefore, had little or no expenses.
 {¶ 9} "Therefore, this Court specifically finds that Mr. Danison has the future ability to pay, both restitution and fine; and payment of same by him is hereby ORDERED."
 {¶ 10} On September 10, 2004, appellant filed a Notice of Appeal from the trial court's August 11, 2004, Judgment Entry. The Notice of Appeal was assigned Case No. 04 COA 066. On September 14, 2004, appellant filed a motion in this Court requesting that we stay Case No. 04 COA 066 pending the Ohio Supreme Court's decision in case number 03 COA 021. Pursuant to a Judgment Entry filed on September 22, 2004, in Case No. 04 COA 066, this Court stayed the matter.
 {¶ 11} As memorialized in a Judgment Entry filed on March 16, 2005, the Ohio Supreme Court held, with respect to Case No. 03 COA 021, that the trial court's order to pay restitution was part of the sentence and, therefore, was a final, appealable order. See State v. Danison, 105 Ohio St.3d 127, 2005-Ohio-781,823 N.E.2d 444. The Ohio Supreme Court remanded the matter "to the court of appeals to consider the merits of appellant's argument on this issue." At the request of appellant and as memorialized in a Judgment Entry filed on April 12, 2005, this Court consolidated Case Numbers 03 COA 021 and 04 COA 066. In addition, via a Judgment Entry filed on April 14, 2005, in Case No. 03 COA 021, this Court sua sponte reopened the matter pursuant to the Ohio Supreme Court's decision.
 {¶ 12} Appellant now raises the following assignment of error in Case No. 03 COA 021:
 {¶ 13} "THE TRIAL COURT ERRED BY ORDERING RESTITUTION AND A FINE WITHOUT CONSIDERING THE OFFENDER'S ABILITY TO PAY AS REQUIRED BY R.C. 2929.19(B)(6)."
 {¶ 14} Appellant also raises the following assignments of error in Case No. 04 COA 066:
 {¶ 15} "I. THE TRIAL COURT ERRED BY ORDERING RESTITUTION AND A FINE WITHOUT CONSIDERING THE OFFENDER'S ABILITY TO PAY AS REQUIRED BY O.R.C. 2929.19(B)(6).
 {¶ 16} "II. THE TRIAL COURT ERRED BY HOLDING A RESENTENCING HEARING OUTSIDE OF DEFENDANT'S PRESENCE."
 Consolidated Case Nos. 03 COA 021 04 COA 066 {¶ 17} Appellant, in his assignments of error in Case Nos. 03 COA 021 and 04 COA 066, argues that the trial court erred in ordering him to pay restitution and a fine without considering his ability to pay. Appellant, in his second assignment of error in Case No. 04 COA 066, argues that the trial court erred in resentencing him in absentia.
 {¶ 18} In State v. Fields, Ashland App. No. 04-COA-018,2004-Ohio-6514, this Court held as follows in holding that the trial court erred in ordering restitution without considering the defendant's ability to pay:
 {¶ 19} "R.C. § 2929.18 permits the trial court to impose financial sanctions on felony offenders. R.C. § 2929.18(A). Before it imposes a financial sanction, however, the trial court `shall consider the offender's present and future ability to pay the amount of the sanction or fine.' R.C. § 2929.19(B)(6). There are no express factors that must be considered or specific findings that must be made. State v. Martin,140 Ohio App.3d at 338, 747 N.E.2d 318. The trial court is not required to hold a hearing in order to comply with R.C. § 2929.19(B)(6), although it may chose [sic] to do so pursuant to R.C. § 2929.18(E). All that R.C. § 2929.19(B)(6) requires is that the trial court consider the offender's present and future ability to pay. Id. Even a finding that a defendant is indigent for the purpose of receiving appointed counsel does not prohibit the trial court from imposing a financial sanction. State v. Kelly (2001),145 Ohio App.3d 277, 283, 762 N.E.2d 479. State v. Sillett, 12th Dist. No. CA2000-10-205, 2002-Ohio-2596." Id. at paragraph 10, citingState v. Fahring (March 8, 2004), Ashland App. No. 03-COA-034. (Emphasis added.) See also State v. Perry, Stark App. No. 2004CA00066, 2005-Ohio-85, in which this court held that before imposing a fine, the trial court was required to consider the defendant's present and future ability to pay the same.
 {¶ 20} In the case sub judice, the trial court in its August 11, 2004, Judgment Entry, indicates that it considered appellant's ability to pay both the $1,000.00 fine and the restitution in the amount of $22,085.00. The trial court, in such entry, pointed to appellant's job and lack of expenses in determining that appellant had the ability to pay both the fine and restitution. As is stated above, a hearing on ability to pay either a fine or restitution is not required.
 {¶ 21} However, as is stated above, pursuant to an Opinion filed on November 5, 2003, in Case No. 03 COA 021, this Court had remanded the matter for the trial court "to conduct a newsentencing hearing in order to consider appellant's ability to pay the [$1,000.00] fine." (Emphasis added.) Upon remand by this Court for resentencing, the trial court resentenced appellant without his presence. Crim.R. 43(A) and Section 10, Article I of the Ohio Constitution mandate a defendant's presence at every stage of the criminal proceedings, including imposition of sentence.
 {¶ 22} In State v. Wallace, Richland App. No. 2002CA0072, 2003-Ohio-4119, 2003 WL 21787573, paragraph 14, this Court set forth the law regarding this issue as follows:
 {¶ 23} "A defendant has a fundamental right to be present at all critical stages of his criminal trial. State v. Hill,73 Ohio St.3d 433, 444, 653 N.E.2d 271, citing, Crim.R. 43(A) and Section 10, Article I, Ohio Constitution. The United States Supreme Court has stated that an accused is guaranteed the right to be present at all stages of a criminal proceeding that is critical to its outcome when his or her absence may frustrate the fairness of the proceedings. Kentucky v. Stincer (1987),482 U.S. 730, 745, 107 S.Ct. 2658, 96 L.Ed.2d 631. This right is embodied in Crim.R. 43(A). Criminal Rule 43(A) provides that `the defendant shall be present at the arraignment and every stage of the trial, including the impaneling of the jury, the return of the verdict, and the imposition of sentence * * *.'"
 {¶ 24} We note that appellee concurs with appellant's argument, stating that "[a] fine is one type of sanction that a court may impose in sentencing an offender. O.R.C. 2929.18(A)(2). The trial court thus resentenced the Defendant when it reinstated the $1,000 fine that this Court had reversed."[1]
 {¶ 25} Upon review, we find that the trial court erred in resentencing appellant in absentia. See also State v. Caudill,
Ashland App. No. 04COA58, 2005-Ohio-970, 2005 WL 519011; Statev. Carsey, Ashland App. No. 04COA62, 2005-Ohio-973, 2005 WL 519009; and State v. Salyers, Ashland App. No. 04COA60,2005-Ohio-972, 2005 WL 519015.
 {¶ 26} For the foregoing reasons, the judgment of the Court of Common Pleas of Ashland County, Ohio, is hereby reversed. The fine and restitution are vacated and this matter is remanded for resentencing.
By: Edwards, J. Wise, P.J. and Boggins, J. concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Ashland County Court of Common Pleas is reversed as to the fine and restitution orders. The matter is remanded for re-sentencing as to those issues consistent with this Opinion. Costs assessed to appellee.
[1] We note that this court, in our November 5, 2003, opinion, never ordered appellant to be resentenced with respect to the $22,085.00 in restitution.