OPINION *Page 2 
{¶ 1} Appellant Kristin M. Brewer appeals from her sentence and conviction in the Ashland County Court of Common Pleas.
 {¶ 2} On December 15, 2004, Ms. Brewer was indicted for one count of grand theft pursuant to R.C. 2913.02(A)(1) and five counts of forgery pursuant to R.C. 2913.31(A)(1) and (2). On April 11, 2005, Ms. Brewer pled guilty to grand theft and four counts of forgery. Ms. Brewer was sentenced to eighteen months for grand theft to run consecutively with a six-month sentence for forgery, all to run concurrent to three six-month sentences for the remaining 3 counts of forgery. Further, the court imposed a fine of $1,000 on the grand theft count, and ordered restitution to Sugarbush Eye and Laser Center in the sum of $5,592.48, and to Cincinnati Insurance Company for $10,000. Sentencing Judgment Entry of May 31, 2005.
 {¶ 3} Ms. Brewer filed a notice of appeal. Ms. Brewer argued that the trial court denied her due process of law and the right to a jury trial, in violation of the Ohio Supreme Court case State v. Foster,109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470 and the Fifth, Sixth andFourteenth Amendments to the United States Constitution, by sentencing her to prison based on facts not found by the jury, nor admitted by her. The Fifth District Court of Appeals remanded her case for resentencing in State v. Brewer, 5th District No. 05 COA 021, 2006-Ohio-3124.
 {¶ 4} At Ms. Brewer's resentencing hearing, she offered evidence that, since her incarceration she has completed mental health counseling for depression and began taking medication; she has completed a better decision making program, a 600 hour horticulture program; and, she began tutoring other inmates to help them earn their GEDs. Resentencing Hearing Transcript, October 11, 2006, at pp. 6-7. Further, she *Page 3 
indicated that if she was released that she has a place to live and potential employment opportunities showing her solid support net-work. Tr. at p. 5. The trial court resentenced Ms. Brewer and imposed the same sentence: eighteen months for grand theft to run consecutively with a six-month sentence for forgery, all to run concurrent to three six-month sentences for the remaining 3 counts of forgery. Tr. at p. 12. Further, the court reaffirmed its imposition of a fine of $1,000 on the grand theft count, and restitution to Sugarbush Eye and Laser Center in the sum of $5,592.48, and to Cincinnati Insurance Company for $10,000. Tr. at pp. 15-16.
 {¶ 5} Ms. Brewer appealed raising the following assignments of error:
 {¶ 6} I. THE TRIAL COURT ERRED BY IMPOSING NON-MINIMUM, AND CONSECUTIVE SENTENCES IN VIOLATION OF THE DUE PROCESS AND EX POST FACTO CLAISES OF THE UNITED STATES CONSTITUTION. FIFTH, SIXTH, ANDFOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION; BLAKELY V. WASHINGTON
(2004), 542 U.S. 296; UNITED STATES V. BOOKER (2005), 543 U.S. 220.
 {¶ 7} II. THE TRIAL COURT COMMITTED PLAIN ERROR AND DENIED MS. BREWER DUE PROCESS OF LAW BY IMPOSING NON-MINIMUM, AND CONSECUTIVE SENTENCES.FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUION; SECTION 16, ARTICLE I OF THE OHIO CONSTITUTION.
 {¶ 8} III. THE TRIAL COURT DID NOT HAVE AUTHORITY TO IMPOSE CONSECUTIVE SENTENCES. *Page 4 
 {¶ 9} IV. THE COURT ERRED BY REFUSING TO CONSIDER EVIDENCE OFFERED REGARDING MS. BREWER'S POST-SENTENCING BEHAVIOR VIOLATING HER DUE PROCESS RIGHTS.
 {¶ 10} V. THE TRIAL COURT ERRED WHEN IT IMPOSED FINANCIAL SANCTIONS IN THE AMOUNT OF $16,592.48 WITHOUT CONSIDERING MS. BREWER'S ABILITY TO PAY AS REQUIRED BY R.C. 2929.19(B)(6).
 I., II. and III. {¶ 11} Assignments of error I, II and III are interrelated for purposes of analysis. Appellant claims Ohio's sentencing scheme remains unconstitutional despite the holding in State v. Foster,109 Ohio St.3d 1, 2006-Ohio-856, as the application of Foster violates appellant's rights under the due process and ex post facto clauses of the United States and Ohio Constitutions. Appellant also argues the trial court did not have the authority to impose consecutive sentences. We disagree.
 {¶ 12} This Court has addressed and decided the issues raised by appellant in a number of recent cases. See, State v. Ashbrook, 5th Dist. No. 2006CA00193, 2007-Ohio-2325, State v.Paynter, 5th Dist. No. CT2006-0034, 2006-Ohio-5542.
 {¶ 13} As we explain below, we reject appellant's argument and hold that she was properly resentenced according to the principles set forth in Foster and United States v. Booker (2005), 543 U.S. 220,125 S.Ct. 738, 160 L.Ed.2d 621. [Hereinafter cited as "Booker"].
 {¶ 14} In Booker the United States Supreme Court issued two separate majority opinions. First, Justice Stevens wrote for the Court and held that the rule announced in Blakely v. Washington (2004), 542 U.S. 296,124 S.Ct. 2531, 159 L.Ed.2d 403 applied to the Guidelines.Booker, 125 S.Ct. at 745. He based his opinion on the premise that *Page 5 
the Guidelines were mandatory and imposed binding requirements on all sentencing judges. Id. at 749. Second, and in light of Justice Stevens' holding, Justice Breyer wrote for the Court and invalidated two provisions of the Sentencing Reform Act of 1984 that had the effect of making the Guidelines mandatory. Id. at 756. The Court instructed that both holdings-the Sixth Amendment holding and the remedial interpretation of the Sentencing Act-should be applied to all cases on direct review. Id. at 769.
 {¶ 15} In State v. Foster, 109 Ohio St.3d. 1, 2006-Ohio-856,845 N.E.2d 470 the Court found, in relevant part to appellant's assignment of error, the provisions addressing "more than the minimum" sentence for offenders who have not previously served a prison term pursuant to R.C.2929.14(B) required the sentencing court to make findings beyond those facts found by a jury or admitted by an accused. Id. at ¶ 61. The Court found this provision, as well as others not germane to this appeal, to be unconstitutional under the United States Supreme Court decisions inApprendi v. New Jersey (2000), 530 U.S. 466, 120 S.Ct.2348,147 L.Ed.2d 435, and Blakely v. Washington (2004), 542 U.S. 296,124 S.Ct. 2531,159 L.Ed.2d 403. Essentially, this portion of the Foster opinion is in line with Justice Stevens' opinion in Booker, i.e. judicial fact-finding violates the Sixth Amendment "jury trial."
 {¶ 16} However, the Ohio Supreme Court in Foster found that the offending provisions of the sentencing law are severable. The Court concluded that after severing those provisions judicial fact-finding is not required before a prison term can be imposed within the basic ranges of R.C. 2929.14(A) based upon a jury verdict or admission of the defendant, or before imposition of consecutive prison terms.Id. at paragraphs 2 and 4 of the syllabus. *Page 6 
 {¶ 17} Article I of the U.S. Constitution provides that neither Congress nor the states shall pass an "ex post facto Law." See
U.S. Const. art. I, § 9, cl. 3; art. I, § 10, cl. 1. The Ohio Constitution contains a similar provision. See, Ohio Const. Art. 2, § 28. Although the Ex Post Facto Clause limits the legislature instead of the judiciary, "limitations on ex post facto judicial decision-making are inherent in the notion of due process." Rogers v. Tennessee (2001),532 U.S. 451, 456, 121 S .Ct. 1693, 149 L.Ed.2d 697. In the context of judicial decision-making, a defendant has "a right to fair warning of that conduct which will give rise to criminal penalties." Marks v.United States (1977), 430 U.S. 188, 191, 97 S.Ct. 990, 51 L.Ed.2d 260. Appellant claims that the United States Supreme Court in Booker and the Ohio Supreme Court in Foster altered sentencing law in a manner detrimental to him and thereby violated his due process right to fair warning. United States v. Farris, supra 448 F.3d at 967.
 {¶ 18} Appellant in the case at bar was subject to criminal prosecution for her conduct at the time the crimes were committed. Appellant therefore cannot complain of a lack of fair warning that her conduct could be treated as a criminal offense. See Weaver v.Graham, 450 U.S. at 28-29, 101 S.Ct. 960, 67 L.Ed.2d 17 (noting that the Ex Post Facto Clause assures that "legislative Acts give fair warning of their effect and permit individuals to rely on their meaning until explicitly changed"). State v. Walls, 96 Ohio St .2d 437, 446, 2002-Ohio-5059 at ¶ 27, 775 N.E.2d 829, 840.
 {¶ 19} Retroactive changes in the measure of punishment are impermissibly ex post facto if they subject a defendant to a more severe sentence than was available at the time of the offense. See Lindsey v.Washington (1937), 301 U.S. 397, 401, 57 S.Ct. 797, 81 L.Ed. 1182;State v. Walls, 96 Ohio St.2d at 447, 2002-Ohio-5059 at ¶ 29,775 N.E.2d at 841. *Page 7 
 {¶ 20} Appellant must show that applying the remedial severance and interpretation of Ohio's felony sentencing statutes as set forth in theFoster decision to his case actually "produce[d] a sufficient risk of increasing the measure of punishment attached to" his crime.California Dept. of Corrections v. Morales (1995), 514 U.S. 499, 510,115 S.Ct. 1597, 131 L.Ed.2d 588. A "speculative and attenuated" possibility that the statutory change has increased the measure of punishment will not constitute an ex post facto violation. Id. In other words, appellant must demonstrate that she had more than a speculative chance under the old law of receiving probation. State v. Walls,supra, 96 Ohio St.2d 448, 2002-Ohio-5059.
 {¶ 21} As the Supreme Court of Ohio noted in Foster: "[t]hus, Ohio has a presumptive minimum prison term that must be overcome by at least one of two judicial findings. For someone who has never been to prison before (not necessarily a first-time offender), the court must find that the shortest term will `demean the seriousness' of the crime or will inadequately protect the public; otherwise, the court must find that the offender has already been to prison to impose more than a minimum term".Foster, 109 Ohio St.3d at 19, 2006-Ohio-856 at ¶ 19, 845 N.E.2d at 490. The remedy applied by the Court in Foster is to sever the offending provisions including R.C. 2929.14(B). The Court noted: "[a]ll references to mandatory judicial fact-finding properly may be eliminated in the four areas of concern. Without the mandatory judicial fact-finding, there is nothing to suggest a `presumptive term'". Foster,109 Ohio St.3d at 29, 2006-Ohio-856 at ¶ 96, 845 N.E.2d at 497. Accordingly, the Court in Foster did not simply sever the judicial fact-finding portion of R.C. 2929.14(B); rather the Court found that the presumption for the shortest prison term only existed if the trial courts were free to overcome the presumption based upon the offender's history or the particular facts of *Page 8 
the case. The natural corollary to this finding is that the legislature never mandated a mandatory minimum sentence upon every offender who had not previously served a prison term.
 {¶ 22} Appellant was aware at the time she committed the crimes that the court would engage in fact-finding in determining the appropriate sentence within the sentencing range to impose. In Foster the court noted: "[t]wo statutory sections apply as a general judicial guide for every sentencing. The first, R.C. 2929.11, states that the court `shall be guided by' the overriding purposes of felony sentencing, which are `to protect the public from future crime by the offender and others and to punish the offender.' In achieving those purposes, the court shall also consider the need for incapacitation, deterrence, rehabilitation, and restitution. A felony sentence `shall be reasonably calculated to achieve the two overriding purposes of felony sentencing' and be `commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim, and consistent with sentences imposed for similar crimes committed by similar offenders.' A sentence may not be based upon the race, ethnic background, gender, or religion of the offender. . . The second general statute, R.C. 2929.12, grants the sentencing judge discretion `to determine the most effective way to comply with the purposes and principles of sentencing.' R.C.2929.12(A) directs that in exercising that discretion, the court shall consider, along with any other `relevant' factors, the seriousness factors set forth in divisions (B) and (C) and the recidivism factors in divisions (D) and (E) of R .C. 2929.12. These statutory sections provide a nonexclusive list for the court to consider." Foster,109 Ohio St.3d at 12-13; 2006-Ohio-856 at ¶ 36-37, 845 N.E.2d at 484-85. [Footnotes omitted] . These provisions were found to be constitutional and therefore have not been excised under the remedial severance *Page 9 
portion of the decision. See, State v. Mathis, 109 Ohio St.3d 54, 61,2006-Ohio-855 at ¶ 38, 846 N.E.2d 1, 8. Thus, even if the remedial holding in Foster were not applied in the case of an offender who has not previously served a prison sentence, such as appellant, trial courts would have the discretion to overcome the minimum sentence pursuant to R.C. 2929.11 and R.C. 2929.12. As these statutes were in existence at the time appellant committed the crimes, the appellant had sufficient warning of the potential consequences of her actions to satisfy the due process concerns articulated in Rogers.
 {¶ 23} Appellant does not have the right to a windfall sentence under an unconstitutional scheme, but only the right to a new sentencing proceeding under a constitutional one. Under the current remedy as set forth in Foster, appellant was entitled to a new sentencing hearing, unencumbered by the presumptive term and unencumbered by the judicial fact-finding necessary to overcome the presumption. Nothing prohibited the trial judge from sentencing appellant to the minimum term for her offenses. By the same token, the trial judge was not mandated by statute to make findings or to impose a sentence in excess of the minimum sentence. Appellant was not subjected to a higher sentence than the one originally imposed. We are not judicially increasing the range of appellant's sentence and retroactively applying a new statutory maximum to an earlier committed crime. As such, our holding does not disadvantage the appellant. State v. Natale (2005), 184 N.J. 458, 492,878 A.2d 724,743.
 {¶ 24} Further, appellant was sentenced to consecutive sentences. This court has held that trial courts have the full discretion to impose a prison sentence within the statutory range and judicial fact finding is no longer required before a court imposes non-minimum, maximum or consecutive prison terms. State v. Firouzmandi, Licking *Page 10 
App. No. 06-CA-41, 2006-Oho-5823; State v. Duff, Licking App. No. 06-CA-81, 2007-Ohio-1294, See also, State v. Diaz, Lorain App. No. 05CA008795, 2006-Ohio-3282. Here, appellant's sentences fell within the statutory ranges. Accordingly, the trial court did not abuse its discretion by imposing consecutive sentences.
 {¶ 25} We conclude that retroactive application of the remedy in this case does not run afoul of the state or federal prohibitions againstex post facto laws. Id. Additionally, we would note that under the federal sentencing guidelines as applied in light of the Booker decision "defendant's due process [and ex post facto] argument has been justifiably rejected by the Courts of Appeals that have considered it.See, e.g., United States v. Lata, 415 F.3d 107 (1st Cir. 2005);United States v. Vaughn, 430 F.3d 518 (2d Cir. 2005), cert. denied- ___ U.S. ___ ___, 126 S.Ct. 1665, 164 L.Ed.2d 405 (2006); United States v. .Scroggins, 411 F.3d 572 (5th Cir. 2005); United States v. Jamison,416 F.3d 538 (7th Cir. 2005); United States v. Dupas, 417 F.3d 1064 (9th Cir.2005), amended by 419 F.3d 916 (9th Cir. 2005), cert. denied- ___ U.S. ___ ___, 126 S.Ct. 1484, 164 L.Ed.2d 261 (2006); United States v.Rines, 419 F.3d 1104, 1106 (10th Cir.2005), cert. denied- ___ U.S. ___ ___, 126 S.Ct. 1089, 163 L.Ed.2d 905 (2006); and United States v.Duncan, 400 F.3d 1297 (11th Cir. 2005), cert. denied- ___ U.S. ___ ___,126 S.Ct. 432, 163 L.Ed.2d 329 (2005)". United State v. Shepherd (6th Cir. 2006), 453 F.3d 702, 705-706.
 {¶ 26} We find the trial court complied with Foster andBlakely by imposing a sentence without fact-finding.
 {¶ 27} Accordingly, assignments of error I, II and III are overruled.
 IV. {¶ 28} In her fourth assignment of error, appellant argues that the trial court committed error when it refused to consider her post-conviction behavior. *Page 11 
 {¶ 29} A trial court is to consider the purposes of sentencing as stated by R.C. 2929.11. An appellate court shall review this decision with an abuse of discretion standard. State v. Soke (1995),105 Ohio App.3d 226, 663 N.E.2d 986. "An abuse of discretion connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." Blakemore v. Blakemore
(1983), 5 Ohio St.3d 217, 219, 450 N.E.2d 1140.
 {¶ 30} The trial court did not refuse to consider appellant's post-conviction record. Appellant mischaracterizes the proceedings with this statement. The trial court refused to make any findings of fact or conclusions of law in support of the sentence. Tr. at p. 16.
 {¶ 31} In fact, the trial court allowed appellant's attorney to present her progress while incarcerated. Tr. at pp. 5-8. The trial court acknowledged appellant's progress:
 {¶ 32} "I appreciate the things you're telling me concerning what you have been doing. When I send people to prison, it is my hope that it turns out to be a beneficial experience to them in the sense if they do change their behavior, you — they do learn things, okay? And, I'm — I'm please to hear that you are going through that process, that is — that is part of the process. Prison is not, perhaps, the best way to rehabilitate people, but it us a rehabilitation technique, and there is an element of that there is a seriousness of the offenses in this case."
 {¶ 33} "My opinion of the seriousness of the offenses has not changed." Tr. at pp. 11-12.
 {¶ 34} This Court does not find this to be an abuse of discretion. Accordingly, the fourth assignment of error is overruled. *Page 12 
 V. {¶ 35} In appellant's final assignment of error, she argues that the trial court erred when it imposed financial sanction without considering her ability to pay.
 {¶ 36} This Court has addressed this issue in State v. Danison, Ashland App. No. 03COA021, 2003-Ohio-5924. R.C. 2929.18(A)(1) permits a trial court to impose a financial sanction and fine upon an offender who has committed a felony. However, before doing so, pursuant to R.C.2929.19(B)(6), the trial court is required to consider the offender's present and future ability to pay the amount of sanction or fine. Further, under R.C. 2929.18(E), a trial court may hold a hearing, if necessary, to determine whether the offender is able to pay the sanction or is likely in the future to be able to pay it.
 {¶ 37} This court has previously determined that there is no mandatory language in the statute for the trial court to conduct a hearing. SeeState v. Berry, Coshocton App. No. 01-CA-26, 2003-Ohio-167, at ¶ 21;State v. Schnuck (Sept. 25, 2000), Tuscarawas App. No. 2000AP020016, at 1; State v. Johnston (July 26, 2000), Ashland App. No. 99COA01333, at 5.
 {¶ 38} R.C. 2929.18 only requires a trial court judge to hold a hearing if there is an objection to the amount of restitution or the ability to pay. Here, appellant's counsel failed to object to either; therefore, the trial court was not required to hold a hearing. The trial court stated, "I'm continuing my finding that you do have the ability to pay financial sanction." Tr. at p. 15.
 {¶ 39} This court has previously determined that the imposition of a restitution order is not a final appealable order until a hearing is held to enforce payment. See Berry, supra, at ¶ 21 and Schnuck,supra, at 1. Accordingly, because the State has not *Page 13 
attempted to enforce payment of the restitution order, we find this issue does not present a final appealable order for our review.
 {¶ 40} Appellant's fifth assignment of error is overruled.
 {¶ 41} The judgment of the Ashland County Court of Common Pleas is affirmed.
Delaney, J. Farmer, P.J. and Wise, J. concur
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Ashland County Court of Common Pleas is affirmed. Costs assessed to appellant *Page 1