[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
DECEMBER 14, 2006
THOMAS K. KAHN
CLERK

_____

No. 06-11144
Non-Argument Calendar
_____

D. C. Docket No. 98-00049-CR-03-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

KEVIN SHAWN BLYDEN,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Georgia

_____

**(December 14, 2006)**

Before BIRCH, BLACK and CARNES, Circuit Judges.

PER CURIAM:

Kevin Shawn Blyden pleaded guilty to one count of conspiracy to import more than 5 kilograms of cocaine hydrochloride and 50 grams of cocaine base, in violation of 21 U.S.C. §§ 952 and 963 and 18 U.S.C. § 2. He was sentenced to 144 months in prison. As part of Blyden's plea agreement the government agreed to seek a reduction of his sentence, pursuant to Fed. R. Crim. P. 35(b), if Blyden rendered substantial assistance in the investigation and prosecution of his co-conspirators and otherwise met the requirements of Rule 35(b).[1]

After he was sentenced, Blyden testified at the sentencing hearing of one of his co-conspirators, recounting the co-conspirator's involvement in the murder of a police officer in the Virgin Islands. The government then filed a Rule 35(b) motion asking that Blyden's sentence be reduced. The government said that Blyden provided "minimal" help, and that his testimony was duplicative of others who spoke at the co-conspirator's sentencing hearing, but that Blyden had in fact rendered substantial assistance. The government left it to the district court to decide on the appropriate reduction.

---

[1] Rule 35(b) provides, in relevant part, that "[u]pon the government's motion made within one year of sentencing, the court may reduce a sentence if: (A) the defendant, after sentencing, provided substantial assistance in investigating or prosecuting another person; and (B) reducing the sentence accords with the Sentencing Commission's guidelines and policy statements." Fed. R. Crim. P. 35(b)(1).

Blyden asked for an extension of time to file a response to the government's Rule 35(b) motion. He wrote that the motion had been "inadvertently served upon discredited former counsel who no longer represent[s] Blyden and has not since 2001." (R1:613:1). Blyden said that he needed more time because the prison law library was closed during the Thanksgiving and Christmas holidays, when a response would be due.

The district court held a hearing on the government's Rule 35(b) motion without having ruled on Blyden's extension motion. At the hearing, Blyden's trial counsel, Tony Axam, appeared on Blyden's behalf. The district court asked counsel whether he still represented Blyden and Axam said that he did, as evidenced by his conversation with Blyden that morning. Axam continued:

> I assume from our conversation and I got the impression that [Blyden] wanted to go forward with this hearing because he said he will be calling me back to see what the Court's response will be. So, I think I have full authority from Kevin Blyden to go forward. I have assembled [sic] presentation and I went over it with him and I asked him if that's what he wants and that I was prepared to go forward. I believe even if there was a written response, it would be a duplication of what I will be saying this morning.

(R2:625:4–5). The district court found that "[g]iven the fact that Mr. Axam this morning has talked to Mr. Blyden and gone over the motion and the various things to be said in that regard it confirms my view that Mr. Axam should continue his representation and has authorization from the client to do so." (Id. at 6).

3

The government and counsel for Blyden then presented their arguments to the district court. Afterwards, the court ordered that Blyden's sentence be reduced by a year to 132 months.

Six days after the sentencing order, Blyden sent the district court his late response to the government's Rule 35(b) motion, which largely tracked his counsel's presentation at the hearing. A few weeks after that, he moved the court to reconsider its decision on the sentence reduction, which the district court denied.

On appeal, Blyden argues that his reduced sentence was imposed in violation of law because he was not permitted to represent himself, he received ineffective assistance of counsel, and he was not present at the Rule 35(b) hearing. See United States v. Manella, 86 F.3d 201, 203 (11th Cir. 1996) (per curiam) ("district court's decision to grant or deny a Rule 35(b) motion is a discretionary one from which an appeal generally will not lie under § 3742"; but, an appeal from a Rule 35(b) motion is permitted where the defendant appeals on the basis that "his sentence was imposed in violation of law").

## I.

Blyden first contends that the district court violated the law by ignoring his request to proceed pro se in response to the government's Rule 35(b) motion and allowing his trial counsel to represent him instead.

A defendant has a Sixth Amendment right to represent himself. Faretta v. California, 422 U.S. 806, 819, 95 S. Ct. 2525, 2533 (1975). However, "[e]ven if the defendant clearly asserts the right to proceed pro se, he may still waive the right through . . . subsequent conduct indicating he is vacillating on the issue or has abandoned his request altogether." United States v. Cesal, 391 F.3d 1172, 1181 (11th Cir. 2004) (per curiam) (quotation marks omitted; alteration in original), vacated in light of Booker, 126 S. Ct. 669 (2005), opinion reinstated, 2005 WL 1635303 (11th Cir. July 13, 2005).

Here, Blyden's conduct after he invoked his right to represent himself demonstrated a clear intention to abandon his request. The district court found that Blyden met with his trial counsel the morning of the Rule 35(b) hearing, went over counsel's presentation, approved the presentation, and asked his counsel to call him after the hearing to see how it went. Blyden has not shown that these findings are clearly erroneous. The district court therefore did not violate Blyden's right to self-representation by permitting Axam to represent him at the hearing.

## II.

Blyden next contends that Axam rendered ineffective assistance of counsel because of his inadequate performance at the hearing and because he had a conflict-of-interest with Blyden. We decline to consider this issue here because the

record has not been sufficiently developed through the adversarial process. Blyden

may raise the issue again through a 28 U.S.C. § 2255 motion to vacate. Massaro v.

United States, 538 U.S. 500, 504, 123 S. Ct. 1690, 1694 (2003).[2]

**III.**

Blyden's final contention is that the district court violated the law by

reducing his sentence without his presence at the Rule 35(b) hearing. A defendant

has a constitutional right to be present at his sentencing, United States v. Jackson,

921 F.2d 1494, 1496 (11th Cir. 1991), but that right does not extend to

"proceeding[s] involv[ing] the . . . reduction of [the defendant's] sentence under

Rule 35," as was the case here. Fed. R. Crim. P. 43(b)(4); see also United States v.

Taylor, 11 F.3d 149, 152 (11th Cir. 1994) ("there is a distinction between

modifications of sentences and proceedings that impose a new sentence after

vacation of the original sentence"; "[i]n the former instance, the defendant's

---

[2] We do note that while we haven't decided the issue yet, two other circuits have held that the Constitution does not require that defendants be represented by counsel during Rule 35(b) proceedings. United States v. Taylor, 414 F.3d 528, 536 (4th Cir. 2005) ("we hold that neither the Constitution's equal protection guarantees nor due process guarantees provide criminal defendants a right to effective assistance of counsel with respect to a motion by the government pursuant to Rule 35(b)"); United States v. Palomo, 80 F.3d 138, 142 (5th Cir. 1996) ("If the right to counsel does not attach to discretionary proceedings challenging the legality of a sentence or conviction, in which the defendant and the Government are clearly engaged in an adversarial relationship, there appears little to justify holding that a convicted inmate has a right to counsel with respect to proceedings brought by the Government for the purpose of requesting the sentencing court to reduce that inmate's sentence as compensation for the provision of information useful to an ongoing government investigation or prosecution.").

presence is not required"). Accordingly, the district court did not err by conducting the hearing without Blyden present.

**AFFIRMED.**