[Cite as *State v. Jarmon*, 2020-Ohio-101.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | No. 108248 |
| v. | : | |
| JUSTIN JARMON, | : | |
| Defendant-Appellant. | : | |

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** January 16, 2020

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-17-618637-A

*Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Brian Lynch, Assistant Prosecuting Attorney, *for appellee.*

Prugh Law, L.L.C., and Leigh S. Prugh, *for appellant.*

PATRICIA ANN BLACKMON, P.J.:

{¶ 1} Justin Jarmon ("Jarmon") appeals his 30-year prison sentence and assigns the following error for our review:

I. The trial court erred in failing to hold a hearing for appellant Justin Jarmon to attend to impose his modified sentence.

{¶ 2} Having reviewed the record and pertinent law, we affirm the trial court's judgment. The apposite facts follow.

{¶ 3} On November 16, 2017, Jarmon pled guilty to four counts of attempted murder and other associated offenses in connection with a gang-related drive-by shooting that injured two children on October 4, 2016. On December 21, 2017, the court sentenced Jarmon to 35 years in prison, which included two consecutive five-year drive-by shooting firearm specifications. On direct appeal, this court held that the sentence violated R.C. 2929.14(B)(1)(c)(iii), which "limits imposing a single five-year sentence on the 'drive-by' specification when the underlying offenses are based on the same act or transaction." *State v. Jarmon*, 8th Dist. Cuyahoga No. 106727, 2018-Ohio-4710, ¶ 27.

{¶ 4} Specifically, this court found as follows: "the record indicates that Jarmon 'rolled down the window and fired over five shots towards [the alleged rival gang members.]' Accordingly, we conclude that the multiple shots fired at the rival gang members were the same transaction." *Id.* at ¶ 28. This court remanded the case to the trial court for "vacation of one of the five-year drive-by specifications." *Id.* at ¶ 35.

{¶ 5} On January 24, 2019, the trial court issued a journal entry on remand, the pertinent parts of which follow.

> This court hereby vacates the imposition of the consecutive sentence as to only the 5 year firearm specification (ORC 2941.146) in count 16.

Thus, the sentence re-calculation after execution of the judgment pursuant to opinion 18-106727 is as follows: * * * The court imposes a prison sentence * * * of 30 year(s). * * * Count 16: * * * The 5 year firearm specification merges with the 5 year firearm specification in count 2. * * *.

**{¶ 6}** It is from this journal entry that Jarmon appeals.

**{¶ 7}** Jarmon argues that the court erred by failing to hold a hearing before issuing the journal entry regarding his "modified sentence." As Jarmon claims in his appellate brief, "[t]his appeal chiefly concerns the legal issue of a defendant's right to be present at all stages of a criminal proceeding, regardless of how inconsequential the impending court action may seem."

**{¶ 8}** Jarmon supports his argument by citing Crim.R. 43(A), which states in part that "the defendant must be physically present at every stage of the criminal proceeding and trial, including * * * imposition of sentence * * *." The Ohio Supreme Court recently addressed this issue in *State v. Wilks*, 154 Ohio St.3d 359, 2018-Ohio-1562, 114 N.E.3d 1092, ¶ 215.

An accused has a fundamental right to be present at all critical stages of his criminal trial. Article I, Section 10, Ohio Constitution; Crim.R. 43(A). An accused's absence, however, does not necessarily result in prejudicial or constitutional error. "[T]he presence of a defendant is a condition of due process to the extent that a fair and just hearing would be thwarted by his absence, *and to that extent only.*" (Emphasis added.) *Snyder v. Massachusetts*, 291 U.S. 97, 107-108, 54 S.Ct. 330, 78 L.Ed. 674 (1934).

**{¶ 9}** This court has held that "resentencing is a critical stage of criminal proceedings that triggers a defendant's right to be present under * * * Crim.R. 43." *State v. Mason*, 8th Dist. Cuyahoga No. 107447, 2019-Ohio-1773, ¶ 18. In the case at hand, it is undisputed that the court resentenced Jarmon without a hearing and

necessarily outside of his presence. Therefore, we find that the court erred by failing to hold a resentencing hearing at which Jarmon could have been present. However, although this is improper, Jarmon's absence may constitute harmless error when he suffers no prejudice. *See State v. Steimle*, 8th Dist. Cuyahoga No. 95076, 2011-Ohio-1071, ¶ 17 ("although the right to be present at all critical stages of a criminal trial is a fundamental right, a violation of Crim.R. 43 is not structural and can constitute harmless error where the defendant suffers no prejudice").

{¶ 10} On appeal, Jarmon does not allege that he was prejudiced in any way by the court's actions. In fact, Jarmon's sentence was reduced by five years pursuant to this court's limited remand for "vacation of one of the five-year drive-by specifications." Upon review, we find that the Crim.R. 43(A) violation in this case is harmless. Accordingly, Jarmon's sole assigned error is overruled.

{¶ 11} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

PATRICIA ANN BLACKMON, PRESIDING JUDGE

ANITA LASTER MAYS, J., CONCURS;
LARRY A. JONES, SR., J., CONCURS
IN JUDGMENT ONLY