[Cite as *State v. Collier*, 2021-Ohio-3202.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellant, | : | No. 110222 |
| v. | : | |
| SHARON COLLIER, | : | |
| Defendant-Appellee. | : | |

JOURNAL ENTRY AND OPINION

**JUDGMENT:** REVERSED AND REMANDED
**RELEASED AND JOURNALIZED:** September 16, 2021

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-18-626420-A

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Brandon A. Piteo, Assistant Prosecuting Attorney, *for appellant.*

Flannery | Georgalis, L.L.C., and Paul N. Flannery, *for appellee.*

EILEEN T. GALLAGHER, J.:

{¶ 1} Plaintiff-appellant, the state of Ohio ("the state"), appeals an order granting jail-time credit to defendant-appellee, Sharon Collier ("Collier"), and claims the following error:

The trial court committed plain error by including post-sentence prison time in its calculation of Collier's jail time credit, in contravention of R.C. 2929.19(B)(2)(h)(i) and R.C. 2967.191(A).

{¶ 2} We find merit to the appeal and reverse the trial court's judgment.

## I. Facts and Procedural History

{¶ 3} In March 2018, Collier and her codefendants were charged in a 91-count indictment with one count of aggravated theft; one count of telecommunications fraud; 32 counts of forgery; and 54 counts of money laundering. The indictment alleged that, over a period of three years, Collier made unauthorized withdrawals from company accounts while working as an office manager for Taylored Construction Services. Following several pretrials, Collier pleaded guilty to one count of aggravated theft; two counts of money laundering; and seven counts of forgery. The court sentenced Collier to consecutive prison terms totaling six years, and Collier appealed. This court affirmed Collier's convictions but remanded the case to the trial court for resentencing on grounds that the trial court failed to make all the findings required for the imposition of consecutive sentences. *See State v. Collier*, 8th Dist. Cuyahoga No. 108687, 2020-Ohio-3033.

{¶ 4} On remand, the trial court resentenced Collier to an agreed three-year concurrent sentence. By this time, Collier had served 12 days in the county jail awaiting trial and 438 days in the Ohio Reformatory for Women following her convictions and original sentence. After resentencing, Collier filed a motion for jail-time credit. The trial court granted the motion, that was unopposed, and ordered

that "the defendant shall be given jail time credit in the amount of 450 days for time served in the Cuyahoga County jail and the Ohio Reformatory for Women." Thereafter, the state filed a "motion for nunc pro tunc order to correct jail time credit." Collier opposed the motion, arguing that "[t]he State cannot petition the trial court to correct jail time credit post-sentencing, and the use of a nunc pro tunc order to correct jail credit calculation would be improper." Before the trial court ruled on the motion for nunc pro tunc order, the state appealed the trial court's judgment, with leave of court.

## II. Law and Analysis

{¶ 5} In its sole assignment of error, the state argues the trial court committed plain error in awarding Collier 438 days of jail-time credit for time served in the Ohio Reformatory for Women. Because the state did not oppose Collier's motion for jail-time credit, it forfeited all but plain error. *State v. Philpot*, 8th Dist. Cuyahoga Nos. 108271, 208272, and 108373, 2020-Ohio-104, ¶ 33 (failure to object to trial court's calculation of jail-time credit forfeits all but plain error).

{¶ 6} Under Crim.R. 52(B), "plain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court." In a plain-error analysis, the appellant bears the burden of demonstrating that, but for the error, the outcome of the trial would clearly have been different. *State v. Payne*, 114 Ohio St.3d 502, 2007-Ohio-4642, 873 N.E.2d 306, ¶ 17. This court has held that a trial court's failure to properly calculate jail-time credit is plain error.

*State v. Thomas*, 8th Dist. Cuyahoga No. 105824, 2018-Ohio-4106, ¶ 43, citing *State v. Miller*, 8th Dist. Cuyahoga No. 84540, 2005-Ohio-1300, ¶ 10.

{¶ 7} The state contends the trial court's inclusion of Collier's time in the Ohio Reformatory for Women constitutes plain error because it violates provisions set forth in R.C. 2967.191(A) and 2929.19(B)(2)(h) that govern the calculation of jail-time credit. The state further asserts that the error may result in double credit for time served. However, R.C. 2929.19(B)(2)(h) was repealed and replaced by R.C. 2929.19(B)(2)(g)(i), effective March 22, 2019, before Collier was resentenced on September 1, 2020.

{¶ 8} Former R.C. 2929.12(B)(2)(h) stated, in relevant part, that if the trial court determined that a prison term was necessary, then it had to

> [d]etermine, notify the offender of, and include in the sentencing entry the number of days that the offender has been confined for any reason arising out of the offense for which the offender is being sentenced and by which the department of rehabilitation and correction must reduce the definite prison term imposed on the offender as the offender's stated prison term * * *. The court's calculation shall not include the number of days, if any, that the offender previously served in the custody of the department of rehabilitation and correction arising out of the offense for which the prisoner was convicted and sentenced.

Former R.C. 2929.19(B)(2)(h)(i). Former R.C. 2929.19(B)(2)(h)(i) expressly stated that a trial court could not include time an offender served in the Ohio Department of Rehabilitation and Correction ("ODRC") in its jail-time calculation.

{¶ 9} R.C. 2929.19(B)(2)(g)(i) now provides that

> if the sentencing court determines at the sentencing hearing that a prison term is necessary or required, the court shall * * * [d]etermine, notify the offender of, and include in the sentencing entry the total

number of days, including the sentencing date but excluding conveyance time, that the offender has been confined for any reason arising out of the offense for which the offender is being sentenced and by which the department of rehabilitation and correction must reduce the definite prison term imposed on the offender as the offender's stated prison term * * *. The court's calculation shall not include the number of days, if any, that the offender served in the custody of the department of rehabilitation and correction arising out of any prior offense for which the prisoner was convicted and sentenced.

R.C. 2929.19(B)(2)(g)(i).

{¶ 10} R.C. 2967.191(A), which also became effective on March 22, 2019, states, in relevant part:

The department of rehabilitation and correction shall reduce the prison term of a prisoner * * * by the total number of days that the prisoner was confined for any reason arising out of the offense for which the prisoner was convicted and sentenced, including confinement in lieu of bail while awaiting trial, confinement for examination to determine the prisoner's competence to stand trial or sanity, confinement while awaiting transportation to the place where the prisoner is to serve the prisoner's prison term, as determined by the sentencing court under division (B)(2)(h)(i) of section 2929.19 of the Revised Code, and confinement in a juvenile facility. The department of rehabilitation and correction also shall reduce the stated prison term of a prisoner * * * by the total number of days, if any, that the prisoner previously served in the custody of the department of rehabilitation and correction arising out of the offense for which the prisoner was convicted and sentenced.

R.C. 2967.191(A). (Emphasis added.) Although R.C. 2967.191(A) instructs the trial court to determine jail-time credit in accordance with R.C. 2929.19(B)(2)(h)(i), that provision no longer exists. R.C. 2929.19(B)(2)(h)(i) was repealed and replaced with R.C. 2929.19(B)(2)(g)(i). As previously stated, former R.C. 2929.19(B)(2)(h)(i) expressly prohibited the trial court from including time an offender served in the ODRC in its jail-time

calculation. The fact that R.C. 2967.191(A) still makes reference to R.C. 2929.19(B)(2)(h)(i), though an oversight, suggests a possible legislative intent to preclude the trial court from including ODRC time in its jail-time calculation. At the very least, the statutes are ambiguous.

{¶ 11} Nevertheless, R.C. 2967.191(A) makes clear that the sentencing court is solely responsible for calculating jail-time credit for time an offender was confined for any reason arising out of the offense, "including confinement in lieu of bail while awaiting trial, confinement for examination to determine the prisoner's competence to stand trial or sanity, [and] confinement while awaiting transportation to the place where the prisoner is to serve the prisoner's prison term." R.C. 2967.191(A) does not instruct the trial court to include time spent in ODRC custody prior to resentencing in its jail-time calculation. Instead, R.C. 2967.191(A) directs the ODRC to reduce the stated prison term of a prisoner for, among other things, "the total number of days * * * that the prisoner previously served in the custody of the department of rehabilitation and correction arising out of the offense for which the prisoner was convicted and sentenced." Thus, the ODRC rather than the trial court is responsible for calculating and crediting time a prisoner previously has served in ODRC custody arising out of the offense for which the prisoner was convicted and sentenced. R.C. 2967.191(A).

{¶ 12} Collier nevertheless contends the trial court was required to include the number of days she served in ODRC custody in its jail-time calculation and that the trial court is only precluded from calculating time served in ODRC custody for

prior offenses. Collier's interpretation of the statutes would allow both the trial court and the ODRC to calculate jail-time credit for time a prisoner served in ODRC for the same offense. The ODRC is not required to determine inaccuracies in the trial court's calculation of jail-time credit. *State ex rel. Fraley v. Ohio Dept. of Rehab. and Corr.*, 161 Ohio St.3d 209, 2020-Ohio-4410, 161 N.E.3d 646, ¶ 17. The statute requires the ODRC to conduct its own jail-time credit calculation. Thus, if both the trial court and the ODRC were permitted to calculate jail-time credit for time served in ODRC, prisoners could erroneously be given double credit for the same time.

{¶ 13} R.C. 2967.191(A) clearly states that "[t]he department of rehabilitation and correction * * * shall reduce the stated prison term of a prisoner * * * by the total number of days, if any, that the prisoner served in the custody of the department of rehabilitation and correction arising out of the offense for which the prisoner was convicted and sentenced." Because the trial court is not authorized to give jail-time credit to a prisoner for time served in ODRC custody, the trial court erred by including the 438 days Collier served in ODRC custody in its jail-time calculation.

{¶ 14} The sole assignment of error is sustained.

{¶ 15} Judgment reversed. Case remanded to the trial court to recalculate Collier's jail-time credit without inclusion of time served in ODRC custody.

It is ordered that appellant recover from appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
EILEEN T. GALLAGHER, JUDGE

MARY J. BOYLE, A.J., and
FRANK D. CELEBREZZE, JR., J., CONCUR