[Cite as *State v. Maldonado*, 2023-Ohio-522.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

STATE OF OHIO,                          :

    Plaintiff-Appellee,            :

                                                  No. 110655

    v.                             :

ELVIN MALDONADO,                        :

    Defendant-Appellant.           :

---

JOURNAL ENTRY AND DECISION EN BANC

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** February 23, 2023

---

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-18-634404-A

---

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Glen Ramdhan, Assistant Prosecuting Attorney, *for appellee.*

Eric M. Levy, *for appellant.*

SEAN C. GALLAGHER, J.:

{¶ 1} Pursuant to App.R. 26, Loc.App.R. 26, and *McFadden v. Cleveland State Univ.*, 120 Ohio St.3d 54, 2008-Ohio-4914, 896 N.E.2d 672, this court sua sponte determined that *State v. Jarmon*, 8th Dist. Cuyahoga No. 108248, 2020-Ohio-101, conflicts with *State v. Howard*, 8th Dist. Cuyahoga No. 87490, 2006-

Ohio-6412, ¶ 7, on a dispositive point of controlling authority.  En banc review is necessary to maintaining harmony in the law of this district.  *See, e.g., Midland Funding L.L.C. v. Hottenroth,* 2014-Ohio-5680, 26 N.E.3d 269, ¶ 1 (8th Dist.) (resolving the conflict between two disparate lines of authority interpreting procedural rules through an en banc proceeding).

**Decision of the En Banc Court:**

{¶ 2}  In this en banc proceeding, we must resolve a straightforward question of law in order for the panel to resolve the merits of the underlying appeal: Does a defendant have a right to be present at a hearing, or other proceeding, under Crim.R. 43(A), when a case is remanded for resentencing to vacate and delete any aspect of a sentence?  We continue to adhere to the principle established in *Howard.*

## I.    Scope of the Conflict

{¶ 3}  It has long been held that "'a defendant's presence in court is not required every time judicial action is taken to correct a sentence.'"  *United States v. Clark*, 816 F.3d 350, 355 (5th Cir.2016), quoting *United States v. Erwin*, 277 F.3d 727, 730 (5th Cir.2001).  Crim.R. 43(A), or any other statutory or constitutional provision for that matter, does not establish a right for a defendant to be present at *any proceeding* upon remand that vacates, deletes, or otherwise modifies any portion of a sentence, punishment, penalty, or other criminal sanction, without imposing any additional burdens upon the defendant.   Unless a sentencing modification creates a more onerous sanction, there is no procedural, statutory, or

constitutional right entitling the defendant to be present at any proceeding, much less a formal hearing, resulting in that sentencing modification.

{¶ 4} Even where the appellate mandate suggests or implies more than amending a sentencing entry must be done by the trial court, such as when the mandate includes a reference to the generic term "resentencing," a de novo resentencing of the entire case or particular count is not required, or even permitted as a matter of law. *State v. Wilson*, 129 Ohio St.3d 214, 2011-Ohio-2669, 951 N.E.2d 381, ¶ 15 ("[O]nly the sentences for the offenses that were *affected by the appealed error* are reviewed de novo; the sentences for any offenses that were not affected by the appealed error are not vacated and are not subject to review." (Emphasis added.)). No matter what language or generic phrasing is used in a remand order, the appellate court cannot require or authorize a trial court to act in a manner that is inconsistent with the law.

{¶ 5} As a result, although a "remand for resentencing" generally contemplates a de novo resentencing, that is required *only if* the trial court adds a punishment or otherwise increases the burden of the sanction in the sentencing entry. *State ex rel. Roberts v. Marsh*, 156 Ohio St.3d 440, 2019-Ohio-1569, 128 N.E.3d 222, ¶ 11; *State v. Mitchell*, 11th Dist. Portage No. 2019-P-0105, 2020-Ohio-3417, ¶ 48. In other words, even in situations in which a sentencing hearing is erroneously required by the appellate court in cases in which the remand is limited to vacating or deleting punishments from an aggregate sentence, the relevant question underlying this en banc proceeding is whether an offender maintains some

procedural, statutory, or constitutional right to be present at that hearing or other proceeding. By answering this question in both the affirmative and negative, *Howard* and *Jarmon* conflict.

{¶ 6} In *Howard*, the offender's direct appeal resulted in the reversal of his conviction for burglary, requiring the trial court to correct the sentencing entry upon remand. *Howard*, 8th Dist. Cuyahoga No. 87490, 2006-Ohio-6412, at ¶ 2-3. The remainder of the sentences imposed for other offenses, all of which were to be served concurrent to each other and the vacated conviction, were maintained. *Id.* According to *Howard*, in response to the defendant's claim that Crim.R. 43(A) afforded him a right to be present at any proceedings that occurred upon that remand, no new sentencing hearing was required because no sentence was being imposed. *Id.* at ¶ 6, 8. "Vacating the burglary sentence leaves appellant, practically speaking, in the same situation as before - serving five years in prison. No 'new' sentence was imposed; rather, part of his sentence was taken away, and *appellant cites to no authority that affords him the right to be present for this*." (Emphasis added.) *Id.* at ¶ 8. As a result, *Howard* stands for the proposition that although Crim.R. 43(A) preserves a right for a defendant to be present at every stage of the trial proceeding, the rule does not extend to situations in which proceedings are conducted upon remand for the sole purpose of deleting one aspect of an aggregate sentence. *Id.* at ¶ 6, 8.

{¶ 7} The panel in *Jarmon* concluded otherwise. Upon a remand ordering "the vacation of one of the five-year drive-by specifications" following a direct

appeal, the trial court reissued a sentencing entry in part vacating and then deleting the five-year sentence previously imposed for that specification pursuant to the appellate mandate. *Jarmon*, 8th Dist. Cuyahoga No. 108248, 2020-Ohio-101, at ¶ 4-5. All other sentences were maintained as required, and no sentencing hearing was conducted. *Id.* In an appeal from that proceeding, the defendant claimed a right under Crim.R. 43(A) to be present at a sentencing hearing to remove the reversed sanction. *Id.* at ¶ 8. The panel agreed based exclusively on Crim.R. 43(A), concluding that under those circumstances "the [trial] court erred by failing to hold a resentencing hearing at which Jarmon could have been present." *Id.* at ¶ 9. Although it was ultimately concluded that any error would be harmless, the panel, relying on Crim.R. 43(A), nonetheless held that a defendant has the right to be present at a hearing for the purposes of vacating and then deleting a portion of an aggregate sentence reversed in the direct appeal. *Id.* This holding conflicts with *Howard* at ¶ 6-8. We cannot adopt *Jarmon* as the law of this district.

## II.     *Jarmon* is Overruled

{¶ 8}    *Howard's* legal conclusion is in line with the Ohio Supreme Court's more recent pronouncement. In *Marsh*, 156 Ohio St.3d 440, 2019-Ohio-1569, 128 N.E.3d 222, at ¶ 10-11, the Ohio Supreme Court concluded that Crim.R. 43(A) does not provide a defendant the right to be present at a sentencing hearing when portions of a final aggregate sentence are simply vacated or deleted upon remand from a direct appeal. *Id.* As the Ohio Supreme Court concluded, "[t]he fact that [the trial court] deleted a *punishment* distinguishes this case from [all] cases in which

*punishment* was *added*; in the latter situation, trial courts must hold a de novo resentencing hearing on the additional portion of the sentence." (Emphasis added.) *Marsh* at ¶ 10. The implication is that conducting a de novo hearing with the defendant present is *not* required to delete, vacate, reduce, or otherwise maintain an aggregate punishment under Crim.R. 43(A). *Id.* at ¶ 11. Although *Marsh* was decided with respect to postrelease control sanctions, its conclusion was more expansive; when a trial court deletes a "punishment," Crim.R. 43(A) is not implicated and, therefore, no resentencing hearing is required that would trigger the defendant's right to be present. *Id.* at ¶ 7, 11.

{¶ 9} In *State ex rel. Vigil v. Cuyahoga Cty. Common Pleas Court*, 8th Dist. Cuyahoga No. 109840, 2020-Ohio-4571, ¶ 9, 11 ("*Vigil*"), the panel recognized the implications of *Marsh*. As this court has concluded, when a panel's remand order dictates "[c]ase remanded to the trial court for resentencing," as the remand was ordered expressly stated in *State v. Vigil*, 8th Dist. Cuyahoga No. 103940, 2016-Ohio-7485, ¶ 47 ("*Vigil* I"), the trial court's reissuance of a final entry of conviction only deleting the vacated sentences "complied with the appellate court's decision and order" without triggering the defendant's presence under Crim.R. 43(A). *Vigil* at ¶ 11. It was, therefore, concluded that "[i]n cases where a penalty is removed, a defendant's presence is not required and no resentencing hearing is necessary." *Accord Howard,* 8th Dist. Cuyahoga No. 87490, 2006-Ohio-6412, at ¶ 8.

{¶ 10} *Howard* and *Vigil* are not mere outliers but are based on or are extensions of established precedent. *State ex rel. Ellis v. Burnside*, 8th Dist.

Cuyahoga No. 103469, 2015-Ohio-5432 (defendant had no right to be conveyed to the trial court for a resentencing hearing to vacate a sentence reversed upon the direct appeal), citing *State ex rel. Strothers v. Turner*, 79 Ohio St.3d 272, 680 N.E.2d 1238 (1997); *State v. Ellis*, 8th Dist. Cuyahoga No. 101603, 2015-Ohio-1642, ¶ 12 (on remand from a direct appeal in which a sentence is vacated, Crim.R. 43(A) is not implicated and the defendant's presence is not required to modify the final entry of conviction to delete the reversed sentence); *see also State v. McCullough*, 6th Dist. Huron No. H-21-008, 2022-Ohio-2178, ¶ 19 (vacating convictions reversed on the direct appeal did not implicate Crim.R. 43 when the trial court reissued the sentencing entry to delete the references to the overturned convictions leaving the remaining convictions intact); *State v. Marks*, 7th Dist. Monroe No. 868, 2002-Ohio-6267, ¶ 20-24 (Crim.R. 43(A) is implicated only if a sentence is modified by adding a punishment); *State v. Mitchell*, 11th Dist. Portage No. 2019-P-0105, 2020-Ohio-3417, ¶ 48 (concluding, based on *Marsh*, that "a trial court [is] only required to hold a de novo resentencing hearing [(requiring the defendant's presence)] if it *added* a punishment in the sentencing entry." (Emphasis sic.))

{¶ 11} *Jarmon* did not discuss the implications of *Marsh* with respect to the scope of Crim.R. 43(A), much less as it pertains to the vacation and deletion of sentences or other punishments, sanctions, or penalties upon remand. Further, *Jarmon* failed to address the fact that Crim.R. 43(A) only guarantees a right to be present at the "imposition of sentence." The procedural rule is silent as to a right to be present when vacating or deleting sentences that do not create a more onerous

criminal sanction. Crim.R. 43(A) does not establish the defendant's right to be present at a proceeding intending to remove, reduce, or maintain any portion of an aggregate sentence. Inasmuch as *Jarmon* concluded that under Crim.R. 43(A) a defendant maintains a right to be present for a sentencing hearing conducted solely for the purpose of vacating or deleting a portion or the entirety of a sentence, punishment, sanction, or penalty, the decision is overruled.

{¶ 12} We recognize that Crim.R. 43(A) serves at least in part to protect a defendant's due process rights under the Ohio and federal Constitutions. An accused's absence from the trial proceedings, however, does not necessarily result in the finding of constitutional error. *State v. Frazier*, 115 Ohio St.3d 139, 2007-Ohio-5048, 873 N.E.2d 1263, ¶ 139. The defendant's presence is a condition of the right to due process "'to the extent that a fair and just hearing would be thwarted by his absence, *and to that extent only*.'" (Emphasis sic.) *Id.*, quoting *Snyder v. Massachusetts*, 291 U.S. 97, 107-108, 54 S.Ct. 330, 78 L.Ed. 674 (1934). There are no constitutional due process prohibitions against overruling *Jarmon*. *See, e.g., United States v. Blyden*, 210 Fed.Appx. 928, 930 (11th Cir.2006) (although a defendant has the constitutional right to be present at the imposition of a sentence, that right does not extend to being present at reductions to a final sentence). A fair and just proceeding is not thwarted by a defendant's absence at proceedings solely intended to delete or vacate any aspect of a criminal sanction. That defendant in that situation could not impact the result of such a proceeding, which in this context is expressly limited to adhering to the appellate mandate to vacate the entirety, or a

portion, of a sentence, sanction, penalty, or other punishment, and to remove such from the final entry of conviction that remains valid for all other offenses. *See Marsh* at ¶ 10.

### III. Conclusion

{¶ 13} As a result of the foregoing analysis, we answer the en banc question in the negative and hereby overrule *Jarmon*. Under Crim.R. 43(A), a defendant's presence is not required at any proceeding solely intended to vacate or delete any portion of a sentence, punishment, penalty, or other criminal sanction upon remand from a direct appeal.

_____
SEAN C. GALLAGHER, JUDGE

ANITA LASTER MAYS, A.J.; MARY J. BOYLE, FRANK DANIEL CELEBREZZE, III, EILEEN T. GALLAGHER, EMANUELLA D. GROVES, KATHLEEN ANN KEOUGH, MICHAEL JOHN RYAN, and MICHELLE J. SHEEHAN, JJ., CONCUR;

EILEEN A. GALLAGHER, J., CONCURS IN JUDGMENT ONLY;

LISA B. FORBES and MARY EILEEN KILBANE, JJ., DISSENT.

**Decision of the Merit Panel:**

{¶ 14} Elvin Maldonado appeals the trial court's correction of his final entry of conviction to reflect the deletion of any registration requirements imposed under Sierah's Law and a five-year sentence imposed on a "drive by shooting" firearm specification that were vacated in a direct appeal. For the following reasons, the convictions are affirmed.

{¶ 15} Maldonado was indicted in an eight-count indictment as follows: Count 1 of attempted murder, a felony of the first degree in violation of R.C. 2923.02 and R.C. 2903.02(A); Counts 2 and 3 of felonious assault, felonies of the second degree in violation of R.C. 2903.11(A)(1); Counts 4, 5, 6, and 7 of felonious assault, felonies of the second degree in violation of R.C. 2903.11(A)(2); and Count 8 of discharge of a firearm on or near prohibited premises, a felony of the first degree in violation of R.C. 2923.162(A)(3). Each count had a one- and three-year firearm specification as well as a five-year "drive by shooting" firearm specification.

{¶ 16} Following a jury trial, Maldonado was found not guilty of attempted murder and each of the one- and three-year firearm specifications, but guilty on all other charges. Counts 2, 3, and 8 merged for sentencing, and the state elected to proceed with sentencing on Count 8. The court sentenced Maldonado to five years in prison for the "drive by shooting" firearm specification to be served prior to and consecutively to four years in prison on Count 8 as well as five years in prison to be served prior to and consecutively to four years in prison on Counts 4, 5, 6, and 7 each to be served concurrently to the nine years on Count 8 for a total prison term of nine years in prison. In addition, the trial court required Maldonado to register as a violent offender following his release from prison pursuant to Sierah's Law.

{¶ 17} Upon remand from *State v. Maldonado*, 8th Dist. Cuyahoga No. 108907, 2021-Ohio-1724, in which the panel vacated the registration requirements imposed under Sierah's Law and a five-year sentence imposed on a "drive by shooting" firearm specification, the trial court issued a corrected sentencing entry

reflecting the aggregate sentence following the decision in the direct appeal, in effect maintaining the aggregate term of imprisonment imposed at the original sentencing hearing but decreasing the overall sanction through vacating the notification requirements. Maldonado appeals the issuance of the corrected sentencing entry, advancing two assignments of error.

{¶ 18} In the first assignment of error, Maldonado claims the trial court erred by failing to conduct a sentencing hearing, at which Maldonado's presence was required under Crim.R. 43(A).

{¶ 19} This issue was resolved by this court through the en banc proceedings. It is undisputed that Maldonado's aggregate term of imprisonment was not impacted by the deletion of the vacated firearm specification and removal of the notification requirement under Sierah's Law decreased the overall sentencing burden. The first assignment of error is overruled based on the analysis presented in the en banc portion of this opinion. Under Crim.R. 43(A), a defendant's presence is not required at any proceeding solely intended to vacate or delete any portion of a sentence, punishment, penalty, or other criminal sanction upon remand from a direct appeal. The trial court did not err in issuing a corrected sentencing entry following the *Maldonado* remand.

{¶ 20} In the second assignment of error, Maldonado claims that "[t]he trial court erred when it did not include in the calculation of credit for time served on resentencing all time served in prison prior to Appellant being resentenced on June 18, 2021." In other words, it appears Maldonado is claiming that the trial court

is required to "make sure that [he] received credit for all time he was confined on all concurrent counts" up to the issuance of the corrected entry of conviction pursuant to *State v. Christian*, 159 Ohio St.3d 510, 2020-Ohio-828, 152 N.E.3d 216, ¶ 24.

{¶ 21} In *Christian*, the Ohio Supreme Court concluded that upon remand for a de novo resentencing, in which the reversed sentences were originally concurrent to one another but imposed consecutively following de novo resentencing on those affected counts, the offender is entitled to have his time served in prison on the reversed sentences count toward the new aggregate sentence, but only as to the counts actually affected by the direct appeal. *Id.*, citing *North Carolina v. Pearce*, 395 U.S. 711, 717, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969). It must be recognized that *Christian* appears to supplement R.C. 2967.191(A), reduction of prison term for related days of confinement, which does not instruct the trial court to calculate any time the offender serves in the custody of the department of rehabilitation and correction ("ODRC") and requires the trial court and the ODRC to conduct separate calculations that comprise the total time-served calculation. *State v. Collier*, 8th Dist. Cuyahoga No. 110222, 2021-Ohio-3202, ¶ 11, citing R.C. 2967.191(A). According to *Collier*, upon remand for the imposition of new sentences the trial court conducts the days-of-confinement calculation under R.C. 2967.191(A) for all confinement before prison. *Id.* The ODRC then separately calculates any time the offender served within its custody to add to the trial court's total; otherwise, there would be the risk of double counting the offender's time because the ODRC does not determine whether inaccuracies exist in the trial court's days-of-

confinement calculation. *Id.*, citing *State ex rel. Fraley v. Ohio Dept. of Rehab. & Corr.*, 161 Ohio St.3d 209, 2020-Ohio-4410, 161 N.E.3d 646, ¶ 17.

{¶ 22} *Collier*, despite its reliance on the unambiguous statutory language, appears to conflict with *Christian.* Under the holding of *Christian*, without any reference to R.C. 2967.191(A), when imposing a new sentence for an offense on remand, the "trial court must order that a defendant receive full credit for any punishment that the defendant previously served for that offense[,]" even if that includes time the offender spent in the custody of ODRC. *Id.* at ¶ 24. *Collier*, following the statutory language, concluded otherwise. Whether *Christian's* analysis survives the plain reading of R.C. 2967.191(A) is a question beyond the scope of the current appeal.

{¶ 23} *Christian* is limited in scope and only applies to situations in which sentences imposed upon certain counts are reversed or vacated and remanded for a de novo resentencing on those affected counts — the "affected counts" being the actual sentence reversed in the direct appeal. *See id.* In simplistic terms, when prison sentences are reversed or vacated in a direct appeal, there is no longer any prison sentence for that count. The prison portion of the sentence upon that affected count only comes into existence at the time of the de novo resentencing. Upon that resentencing, the trial court must account for any time previously served on that particular count up to the imposition of the new sentence of imprisonment, but only with respect to those counts actually affected by the direct appeal. *See Christian,* 159 Ohio St.3d 510, 2020-Ohio-828, 152 N.E.3d 216.

{¶ 24} In this case, the remand from *Maldonado* did not affect any of the counts for which Maldonado is currently serving time in prison — the sole issue on remand was to delete a concurrent term and a reporting requirement. *Christian* does not apply. Maldonado received credit recognizing his served term of confinement prior to the imposition of sentences at the original sentencing hearing. Since *Maldonado* affirmed all convictions that Maldonado is currently serving, he is not entitled to a new calculation of the credit. Maldonado's current argument would in effect double count his prison time on convictions that were not impacted by *Maldonado*.

{¶ 25} Having presented no other argument for review, the second assignment of error is overruled.

{¶ 26} Maldonado's convictions are affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
SEAN C. GALLAGHER, PRESIDING JUDGE

JAMES A. BROGAN, J.,* CONCURS;
LISA B. FORBES, J., CONCURS IN JUDGMENT ONLY

*(Sitting by assignment:  James A. Brogan, J., retired, of the Second District Court of Appeals.)