[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State v. Maldonado*, Slip Opinion No. 2024-Ohio-2652.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2024-OHIO-2652

THE STATE OF OHIO, APPELLEE, *v.* MALDONADO, APPELLANT.

[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State v. Maldonado*, Slip Opinion No. 2024-Ohio-2652.]

*Appellate procedure—App.R. 26(A)(2) requires that a panel decision precede en banc consideration—Court of appeals erred in conducting en banc review before panel decision was released—Appellant failed to show he was prejudiced by court of appeals' error—Court of appeals' judgment affirmed.*

(No. 2023-0480—Submitted January 9, 2024—Decided July 16, 2024.)

APPEAL from the Court of Appeals for Cuyahoga County,

No. 110655, 2023-Ohio-522.

_____

DETERS, J., authored the opinion of the court, which KENNEDY, C.J., and DEWINE and BRUNNER, JJ., joined. STEWART, J., concurred in judgment only. FISCHER, J., dissented, with an opinion joined by DONNELLY, J.

**DETERS, J.**

{¶ 1} Elvin Maldonado successfully challenged the imposition of a sentence for a gun specification and his designation as a violent offender. When his case was remanded to the trial court for vacation of the gun-specification sentence and the violent-offender registration requirement, Maldonado sought a hearing. The common pleas court refused to hold a hearing and issued a sentencing entry as directed by the court of appeals. Maldonado appealed to the Eighth District Court of Appeals. At issue was whether Maldonado had a right to a hearing when his case was remanded to vacate a part of his sentence and whether he had been given the proper jail-time credit. His appeal was submitted to a panel of three judges. But before the panel issued its decision, the court of appeals determined that there was a conflict between two of its prior decisions—one from 2020 and one from 2006—on one of the issues raised by Maldonado, and it decided sua sponte to resolve the issue en banc. The en banc court held that a person in Maldonado's position had no right to a resentencing hearing, and the panel affirmed the trial court's judgment based on the en banc court's decision.

{¶ 2} Maldonado contends that the court of appeals violated App.R. 26(A)(2) when it decided the issue in his appeal en banc before the panel entered a judgment. We agree. The rule requires that a panel decision precede en banc consideration. Nevertheless, because Maldonado is unable to demonstrate that he was prejudiced by the court of appeals' action, we affirm the judgment.

### Maldonado is convicted and sentenced

{¶ 3} Following a jury trial in 2019, Maldonado was convicted on four counts of felonious assault, with an accompanying "drive-by-shooting" firearm specification for each count, and one count of discharging a firearm on or near prohibited premises, with an accompanying "drive-by-shooting" firearm specification. The trial court imposed an aggregate sentence of nine years and ordered Maldonado to register as a violent offender.

**{¶ 4}** Maldonado appealed to the Eighth District, which concluded that the trial court erred when it convicted Maldonado of the drive-by-shooting specification accompanying the discharging-a-firearm count and when it ordered Maldonado to register as a violent offender. *State v. Maldonado*, 2021-Ohio-1724, ¶ 17, 52-54 (8th Dist.). The case was remanded to the trial court for resentencing so that the specification and registration requirement could be vacated. *Id.* at ¶ 63.

**{¶ 5}** On remand, the trial court denied Maldonado's request to appear for a resentencing hearing and issued a sentencing entry vacating the sentence for the drive-by-shooting firearm specification and the order that Maldonado register as a violent offender. In all other respects, the sentence remained the same.

**{¶ 6}** Maldonado again appealed to the Eighth District, this time arguing that the trial court erred when it resentenced him without holding a hearing and when it failed to include an updated calculation of jail-time credit in the entry. 2023-Ohio-522, ¶ 18, 20.

**{¶ 7}** The appeal was assigned to a three-judge panel and was scheduled to be considered by the court on March 1, 2022. On February 23, 2023, the court of appeals issued a judgment entry announcing:

> Sua sponte, the court considered the panel's proposed decision in this case to resolve a conflict between *State v. Howard*, 8th Dist. Cuyahoga No. 87490, 2006-Ohio-6412, and *State v. Jarmon*, 8th Dist. Cuyahoga No. 108248, 2020-Ohio-101. Accordingly, the court accepted this matter en banc with respect to the issue of whether a defendant has a right to be present at a hearing, or other proceedings, under Crim.R. 43(A), when a case is remanded for resentencing to vacate and delete any aspect of a sentence.

That same day, the court of appeals entered a decision en banc, confirming the rule set forth in *Howard* that "[u]nder Crim.R. 43(A), a defendant's presence is not required at any proceeding solely intended to vacate or delete any portion of a sentence, punishment, penalty, or other criminal sanction upon remand from a direct appeal" and overruling *Jarmon.* 2023-Ohio-522 at ¶ 13.

{¶ 8} Immediately below the en banc decision was the decision of the three-judge panel that had been assigned Maldonado's appeal. *See id.* at ¶ 14-26. Based on the reasoning set forth in the en banc decision, the panel overruled Maldonado's assignment of error that claimed the trial court erred when it did not conduct a sentencing hearing at which Maldonado's presence was required. *Id.* at ¶ 19. It also overruled Maldonado's assignment of error regarding the calculation of jail-time credit. *Id.* at ¶ 24.

{¶ 9} Maldonado appealed to this court, and we accepted the following proposition of law: "A court of appeals may not consider a case en banc until after a decision has been released by a three-judge panel of the court." *See* 2023-Ohio-2348.[1]

**The Eighth District did not follow the procedure of App.R. 26(A)(2)**

{¶ 10} "Courts of appeals have discretion to determine whether an intradistrict conflict exists; if the judges of a court of appeals determine that two or more decisions of the court on which they sit are in conflict, they must convene en banc to resolve the conflict." *McFadden v. Cleveland State Univ.*, 2008-Ohio-4914, paragraph two of the syllabus. At the time *McFadden* was decided, there was no rule for how en banc proceedings were to be initiated and conducted, but this court has since promulgated App.R. 26(A)(2).

{¶ 11} Maldonado maintains that the court of appeals improperly considered the issue in his case en banc without the assigned panel's having first

---

1. We declined jurisdiction over Maldonado's two other propositions, which challenged the merits of the en banc decision.

entered a judgment. In response, the state points to App.R. 26(A)(2)(a), which provides: "Upon a determination that two or more decisions of the court on which they sit are in conflict, a majority of the en banc court may order that an appeal or other proceedings be considered en banc." The state takes the view that the only prerequisite to ordering en banc review is a determination that two or more decisions of the court conflict. So, the state argues, once the court of appeals determined that *Howard* and *Jarmon* were in conflict, it could order en banc review to resolve the conflict and then apply that resolution to Maldonado's appeal. But that single sentence in App.R. 26(A)(2)(a) must be considered in the context of the entire rule. *See generally State v. Everette*, 2011-Ohio-2856, ¶ 26 (in which this court applied tenets of statutory construction to construe App.R. 9(A) "as a whole").

{¶ 12} App.R. 26(A)(2)(b) provides two ways for an en banc review of an appeal to be initiated: the court can order en banc review sua sponte or a party can make an application for en banc review. If a party makes an application for en banc review, it "must explain how the panel's decision conflicts with a prior panel's decision on a dispositive issue and why consideration by the court en banc is necessary to secure and maintain uniformity of the court's decisions." App.R. 26(A)(2)(b). While that portion of the rule does not apply to en banc review ordered sua sponte by the court—likely because the court would not need to explain the conflict to itself—it does imply that the decision to order en banc review is tied to a case that was already submitted to and decided by a panel. A court of appeals cannot simply determine that two past decisions are in conflict and then attempt to resolve the conflict.

{¶ 13} The state points to this court's decision in *State v. Forrest*, 2013-Ohio-2409, in support of its argument that "it is a conflict between two or more decisions of the court, not the journalization and release of the panel opinion or an application of a party, which triggers review." But *Forrest* is inapposite to the case

before us. In *Forrest*, the issue was whether a party's application for en banc consideration could be reviewed by only the three-judge panel, as opposed to the court en banc. *Id.* at ¶ 1. The case did not address whether en banc consideration could be ordered sua sponte absent the issuance of a decision by a panel.

{¶ 14} Subsections (c) and (d) of App.R. 26(A)(2) also make clear that a determination of a conflict must be tethered to a contemporaneous decision by a panel. App.R. 26(A)(2)(c) provides: "Any sua sponte order designating a case for en banc consideration must be entered no later than ten days *after* the clerk has both mailed the judgment or order in question and made a note on the docket of the mailing as required by App.R. 30(A)." (Emphasis added.) The rule presupposes that before an en banc review is ordered sua sponte, a judgment will have been made by an assigned panel. Other en banc decisions by appellate courts indicate that that is how the rule has been understood to operate. *See, e.g.*, *State v. Delvallie*, 2022-Ohio-470, ¶ 4 (8th Dist.); *State v. Bergman*, 2013-Ohio-5811, ¶ 1-4 (11th Dist.); *State v. Porter*, 2018-Ohio-3852, ¶ 1 (12th Dist.).

{¶ 15} Subsection (d) further demonstrates that a panel decision must precede any en banc consideration. Under App.R. 26(A)(2)(d), "[t]he decision of the en banc court shall become the decision of the court." But if a majority of the court is unable to concur in a decision, "the decision of the original panel shall remain the decision in the case unless vacated under App.R. 26(A)(2)(c) and, if so vacated, shall be reentered." App.R. 26(A)(2)(d). Under the state's reading of the rule, a court can decide to hear a case en banc before a decision is made by the original panel. But if that were so, there would not be a decision to "remain the decision" if a majority of the en banc court were unable to agree on a decision.

{¶ 16} The state points out that in this case, the panel had circulated a "proposed decision."[2]  So, the state argues, if the en banc court had been unable to reach agreement on the issue of resentencing hearings, "the merit panel's proposed opinion would be submitted and filed."  Setting aside that a "proposed opinion" is, by definition, not a final determination, the state's argument is contrary to the rule's prescription that a decision of the original panel "remain the decision."  To remain the decision, the opinion must already have been a "decision."  This means it must have been submitted and filed before en banc consideration.

{¶ 17} Just as the rule necessarily requires a panel decision that may "remain the decision," so too does it require an en banc decision that could "become the decision of the case."  App.R. 26(A)(2)(d).  And the en banc decision here fails that test.  Notably, it did not even address Maldonado's case.  Instead, the panel's decision (which did address the merits of Maldonado's appeal) is tacked onto the end of the en banc court's decision.  Thus, the en banc decision could not have "become the decision of the case," as provided in App.R. 26(A)(2)(d).

{¶ 18} The state maintains that the court of appeals' "[utilization of] an informal en banc procedure" was permitted by App.R. 26(A)(2)(e), which provides that "[o]ther procedures governing the initiation, filing, briefing, rehearing, reconsideration, and determination of en banc proceedings may be prescribed by local rule or as otherwise ordered by the court."  But as the above discussion shows, the court of appeals' procedure was inconsistent with the rule.  And local rules cannot conflict with the rules promulgated by this court.  Ohio Const., art. IV, § 5(B).

{¶ 19} Finally, the state argues that interpreting the rule to require the issuance of a panel decision in a case before en banc consideration of the issue in

---

2. As noted above, the court of appeals refers to a "proposed decision" in its February 2023 entry. The "proposed decision" is not part of the record, which demonstrates the problematic lack of transparency that resulted from the procedure used here.

the case when the court has a preexisting intradistrict conflict on the issue "frustrates the purpose of the rule." In *McFadden*, we noted that the purpose of en banc proceedings was to allow a court of appeals " ' "to secure uniformity and continuity in its decisions." ' " *McFadden*, 2008-Ohio-4914, at ¶ 16, quoting *United States v. American-Foreign Steamship Corp.*, 363 U.S. 685, 689-690 (1960), quoting Maris, Hearing and Rehearing Cases In Banc, 14 F.R.D. 91, 96 (1954). The state does not explain how waiting for the issuance of a new conflicting decision by the panel before conducting en banc proceedings frustrates this purpose. The state claims that the court of appeals "eliminated the inconsistency [between *Howard* and *Jarmon*] without hesitation." But if eliminating the inconsistency quickly were a goal of the court of appeals, it could have sua sponte ordered en banc consideration in 2020 when *Jarmon* was released.

{¶ 20} We conclude that App.R. 26(A)(2) requires that a decision in a case be issued by a three-judge panel before the court of appeals can sua sponte order en banc consideration of an issue in that case.

### Maldonado was not prejudiced by the court's error

{¶ 21} We turn our consideration next to the question of prejudice. Notwithstanding our conclusion that the court of appeals erred in conducting an en banc review before the panel decision was released, the panel decision must stand unless Maldonado was prejudiced by the error. *See Ohio Life Ins. & Trust Co. v. Goodin*, 10 Ohio St. 557 (1860), paragraph one of the syllabus ("In order to justify the reversal of a judgment or decree upon error, the record must show affirmatively, not only that error intervened, but that it was to the prejudice of the party seeking to take advantage of it.").

{¶ 22} Maldonado contends that the court of appeals' action here amounted to structural error for which automatic reversal is appropriate. But "[a] structural error is a violation of the basic constitutional guarantees that define the framework of a criminal trial; it is a fundamental *constitutional* defect in the proceeding that is

presumptively prejudicial and not susceptible to harmless-error review." (Emphasis in original.) *State v. Jones*, 2020-Ohio-3051, ¶ 2. There is no constitutional right at issue here. The court of appeals' error was limited to violating a procedural rule.

**{¶ 23}** Maldonado also argues that he was prejudiced because had the court of appeals followed App.R. 26(A)(2), the original panel assigned to his appeal may not have rejected his argument that the trial court erred in failing to hold hearing on remand. In support, he points out that the two judges who dissented from the en banc decision had originally been on the panel assigned to his appeal. But his speculative argument does not take into account that en banc consideration of that decision would have resulted in the same resolution as the en banc decision resolving the conflict between *Howard* and *Jarmon*, since 10 of the 12 judges agreed with the en banc determination.

**{¶ 24}** In any event, Maldonado has not shown that had the result in the court of appeals been different, that is, had the court concluded that the trial court should have held a hearing, his ultimate outcome would be affected. Even if the trial court were ordered to conduct a hearing, Maldonado's sentence would remain the same. Vacation of the drive-by-shooting specification did not change his aggregate sentence. And removal of the violent-offender registration requirement did not affect him negatively. In his brief in the court of appeals, Maldonado suggested that the trial court might have been persuaded to give him a lesser sentence, but that would have been contrary to the court of appeals' mandate. Absent a demonstration that Maldonado was prejudiced by the court of appeals' actions, we will not reverse its judgment.

### Conclusion

**{¶ 25}** Read in its entirety, App.R. 26(A)(2) makes clear that a panel decision in a case must precede en banc consideration of an issue in that case by the court of appeals. The Eighth District ignored this procedure when it considered

an issue in Maldonado's case en banc before the three-judge panel issued a decision. But because Maldonado has suffered no prejudice, we affirm the judgment of the Eighth District Court of Appeals.

Judgment affirmed.

_____

**FISCHER, J., dissenting.**

**{¶ 26}** I fully agree with the holding set forth in the majority opinion that "App.R. 26(A)(2) makes clear that a panel decision in a case must precede en banc consideration of an issue in that case by the court of appeals." Majority opinion, ¶ 22. Because I disagree with the majority opinion's application of that holding to the facts of this case, I must respectfully dissent from the court's judgment affirming the Eighth District Court of Appeals.

**{¶ 27}** As noted in the majority opinion, appellant, Elvin Maldonado, argues that the improper procedure used by the Eighth District amounted to structural error. *See id.* at ¶ 22. This argument is rejected in the majority opinion on the basis that no constitutional right is at issue in this case. *Id.*

**{¶ 28}** In my view, the improper procedure used by the Eighth District in this case amounts to a constitutional violation. Article IV, Section 3 of the Ohio Constitution provides: "In districts having [more than three appellate-court judges], three judges shall participate in the hearing and disposition of each case." Maldonado's appeal of his resentencing was assigned to a three-judge panel, but no panel decision was announced before the Eighth District decided sua sponte to conduct an en banc review and released its en banc decision. Although a three-judge panel ultimately issued a decision in this case, that decision followed the en banc decision. Given the procedure followed by the court of appeals in this case, it seems to me that the case was disposed of not by the three-judge panel but by the en banc court. This was a clear violation of Maldonado's right under the Ohio Constitution to have his appeal disposed of by the three-judge panel that was

assigned to his case, and I believe that this violation constitutes structural error that requires this court to reverse the judgment of the Eighth District.

{¶ 29} Moreover, the error of the court of appeals places this court in an untenable position. Any review by this court of the decision of the en banc panel would be purely advisory, as that decision was improperly issued in violation of the Rules of Appellate Procedure. But in affirming the judgment of the Eighth District, the majority opinion allows that improperly issued en banc decision not only to stand but to act as controlling law in the Eighth District. In affirming the Eighth District's judgment, this court effectively ties its own hands, as it precludes itself from considering the underlying legal issue—whether a defendant is entitled to be present at a hearing under Crim.R. 43(A) when a case has been remanded for resentencing to vacate or delete any aspect of a sentence—an issue that the Eighth District chose to consider en banc because conflicting Eighth District appellate decisions exist on that issue. The more prudent approach for this court to take in this case would be to reverse the Eighth District's judgment and remand the case to the court of appeals. If this court were to reverse and remand, then Maldonado's case could proceed by the book and this court would have an opportunity to address an unsettled issue of law, in the event that on remand, the Eighth District issued a proper decision on the issue and this court chose to accept jurisdiction over an appeal.

{¶ 30} For these reasons, I respectfully dissent from the judgment affirming the judgment of the Eighth District.

—————————

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Tasha L. Forchione, Assistant Prosecuting Attorney, for appellee.

Cullen Sweeney, Cuyahoga County Public Defender, and John T. Martin, Assistant Public Defender, for appellant.

—————————